# Commonwealth ex rel. Barber, Appellant, *v.* Cavell.

Submitted November 12, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*William S. Barber,* appellant, in propria persona, submitted a brief.

No brief was submitted on behalf of the Commonwealth, appellee.

OPINION BY ERVIN, J., December 17, 1959:

This is an appeal from the order of the court below refusing a writ of habeas corpus to a prisoner. The appellant was charged with arson in four indictments containing nineteen counts. On June 18, 1953 a commission reported to the court: "That they find that the said Wm. Barber is in fact insane and is in such condition as to make it necessary that he be cared for in a hospital for mental diseases. That the facts upon which their conclusion is based are as follows: Patient has strong driven or impulsions of psychogenic origin to do things unusual. In this case, it was an impulsion to set fires. This was done without premeditation and with no thought of consequence if caught. He has a psychopathic personality with schizoid traits. In his present stage he could probably be cured and rehabilitated by carefully planned psychotherapy in a suitable mental institution. Your commissioners therefore recommend that the said Wm. Barber be committed to a hospital for mental diseases."

On July 9, 1953 the appellant was committed to Farview State Hospital as an insane person. On August 31, 1955 and on September 16, 1955 Doctors Blanchard and Butters respectively reported to the

court that the appellant was normal. On October 21, 1955 the appellant waived a finding of a bill by the Grand Jury and entered pleas of guilty to the above mentioned indictments. Whereupon he was sentenced to the Western Correctional Diagnostic and Classification Center for terms aggregating eight to sixteen years, to be computed from May 21, 1953. Throughout all of these proceedings the appellant was represented by capable counsel who were well qualified to protect his interests.

The appellant now contends that the court should not have permitted him to plead guilty because he must have been insane when the crimes were committed. There is nothing in the record to prove that the appellant was insane at the time when the crimes were committed. Just because he was found to be insane subsequent to the commission of the crimes raises no presumption that he was insane when they were actually committed: *Com. ex rel. Smith v. Ashe*, 364 Pa. 93, 71 A. 2d 107. Insanity at the time of the commission of a crime may be a defense but in order to work an acquittal it must be proven. Counsel representing the appellant, for reasons best known to himself, did not ask the court to be permitted to change the plea of guilty to not guilty and put in issue the defense of insanity.

We do not believe that the appellant was denied any of his constitutional rights.

Order affirmed.