## Commonwealth ex rel. Epps, Appellant, *v.* Myers.

146

Submitted December 14, 1961. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Matthew Epps*, appellant, in propria persona.

*Louis F. McCabe* and *Arlen Specter,* Assistant District Attorneys, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION BY RHODES, P. J., January 16, 1962:

This is an appeal by Matthew Epps from an order of Court of Common Pleas No. 6 of Philadelphia County entered by Judge GLEESON dismissing relator's petition for writ of habeas corpus.

Appellant maintains that he was insane at the time he committed the crimes for which he is now undergoing imprisonment, and that he was denied due process.

On April 4, 1958, appellant was apprehended by the police and questioned concerning a series of aggravated robberies occurring between February 15 and April 2, 1958. Appellant became upset by the questioning and was sent to the psychiatric ward of the Philadelphia General Hospital for observation. Upon the recommendation of a lunacy commission, on June 10, 1958, he was transferred to the Farview State Hospital and remained there until November 9, 1959, when he was returned to Philadelphia authorities for trial.

He first stood trial for a pending morals charge, and was sentenced to imprisonment for a term of not less than three months nor more than twenty-three months, to date from November 9, 1959. On February 9, 1960, he was released on parole, but was retained in custody without bail and charged with the aggravated robberies about which he was questioned on April 4, 1958. On March 17, 1960, appellant was brought to trial on these charges, and entered pleas of not guilty by reason of insanity; the commission of the acts upon which the bills of indictment were founded was admitted. Appellant was represented by counsel and waived trial by jury. On April 18, 1960, President Judge HAGAN, the trial judge, rejected his defense of insanity, found him

guilty, and sentenced him to imprisonment for a term of not less than ten years nor more than twenty years. No post-conviction motions were filed, and no appeal was taken. Cf. *Com. v. Mays,* 182 Pa. Superior Ct. 130, 126 A. 2d 530.

A petition for writ of habeas corpus is not a substitute for a motion for a new trial; and habeas corpus is not a substitute for an appeal. *Com. ex rel. Ruger v. Day,* 176 Pa. Superior Ct. 479, 482, 108 A. 2d 818; *Com. ex rel. Bolish v. Banmiller,* 396 Pa. 129, 151 A. 2d 480; *Com. ex rel. Sampson v. Banmiller,* 406 Pa. 147, 176 A. 2d 430. There was no denial of due process in the instant case. Appellant, with the assistance of counsel, presented to the court as a trier of the facts the issue of insanity as a defense. The trial judge considered all the evidence on this issue and rejected the defense. That finding is entitled to the same weight as a jury verdict.

A distinction must be made between incompetence to stand trial and insanity as a defense. *Com. v. Moon,* 383 Pa. 18, 23, 117 A. 2d 96. Appellant's rights were actually safeguarded when he was given psychiatric examination and treatment between April 4, 1958, and November 9, 1959. During this period he may not have been capable of properly preparing his defense. It was not until his release from the Farview State Hospital that he was called upon to answer to criminal charges. In a criminal case, insanity is an affirmative defense which must be proved as of the date of the commission of the crime. *Com. v. Woodhouse,* 401 Pa. 242, 251, 164 A. 2d 98. It cannot be inferred merely because subsequent thereto, even though close in point of time, a defendant is considered incompetent to stand trial. Moreover, the nature of the inquiries is different. On the one hand, the test is whether the defendant is capable of understanding the nature of the proceedings against him and of assisting in his defense, while, on

the other hand, the test is simply whether, on the day of the crime, the defendant was capable of understanding the nature and quality of the act and to distinguish between right and wrong with respect to it. *Com. v. Neill*, 362 Pa. 507, 514, 67 A. 2d 276.

The precise question has been decided before in this Court in *Com. ex rel. Hudson v. Burke,* 175 Pa. Superior Ct. 241, 103 A. 2d 279; *Com. ex rel. Leon v. Martin,* 184 Pa. Superior Ct. 236, 132 A. 2d 774; and *Com. ex rel. Barber v. Cavell,* 191 Pa. Superior Ct. 448, 156 A. 2d 619. We have carefully reviewed the evidence on the issue of insanity as a defense, and believe that the trial judge did not abuse his discretion in finding that the evidence did not rebut the presumption of sanity.

Appellant was not denied any of his constitutional rights. The petition for writ of habeas corpus was properly dismissed.

The order is affirmed.