Lester M. JOHNSON, Defendant Below,
Appellant,

v.

STATE of Delaware, Appellee.

Supreme Court of Delaware.

Feb. 17, 1967.

Charles K. Keil, Asst. Public Defender, for appellant.

Michael N. Castle, Deputy Atty. Gen., for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

CAREY, Justice.

The defendant below was convicted of grand larceny in the Superior Court. A sentence of imprisonment was imposed on September 10th, 1965. This appeal from that judgment was filed on October 31, 1966. The State has moved to dismiss the appeal because it was filed more than sixty days after imposition of sentence.

T. 10 Del.C. § 147 bars appeals to this Court in criminal actions unless the praecipe or notice of appeal is filed within sixty days after imposition of sentence. Our Rule 23, Del.C.Ann. contains the same limitation. Under T. 10 Del.C. § 146, the limitation of time does not apply against a defendant who is mentally incompetent.

Defendant, at some time after the sentencing, became mentally ill and was committed to Delaware State Hospital on April 18th, 1966. His counsel contends that the exception mentioned above applies to his case.

The fact is, however, that he personally attempted to file the appeal on February 26th, 1966, almost two months before his commitment to the hospital. The Clerk of this Court promptly informed him that his attempted appeal did not comply with our requirements and advised him how to file a proper paper. The Clerk also pointed out that the time for appeal had long since passed. We have no information as to the precise nature

of his mental illness, nor do we know when he became mentally ill. Presumably, it was some time after February 26th, 1966. There is no presumption that his illness existed prior to the time of his transfer to the hospital. Commonwealth ex rel. Barber v. Cavell, 191 Pa.Super. 448, 156 A.2d 619; 22A C.J.S. Criminal Law § 584, p. 347; 120 Am.Jur. 208. There is nothing before us to show that he became mentally incompetent prior to the expiration of the original sixty-day period. The limitation period presumably expired before he became incompetent, and the exception of § 146 therefore does not apply.

Defendant was represented at the trial and the sentencing by competent counsel. Defendant personally informed the trial Judge immediately after the sentencing that he desired to take an appeal. The Court stated that he had that right. Defendant's present counsel suggests that defendant may have considered his remark to the trial Judge as amounting to the filing of an appeal. We have no reason to think this is true. It seems just as reasonable to assume that his former attorney advised him to the contrary. Moreover, defendant's letter of February 25th states that he had discussed his case with another lawyer from the public defender's office, who indicated that the proper course of action was to seek relief in the Superior Court under its Criminal Rule 35. For some unknown reason, appellant apparently decided to appeal instead of permitting that attorney to take the course he suggested.

Appellant's present counsel also suggests that defendant's rights have been violated by the failure of the trial Judge to appoint another attorney to represent him on the appeal at the time he expressed the desire to file it. His trial counsel had indicated to the Judge that he felt no obligation to represent him in that appeal. It seems to us that the defendant suffered no prejudice because of this failure since, as we have previously in-

dicated, he soon thereafter had the advice of another attorney and failed or refused to follow that advice.

We are unable to find anything in the record warranting an exception to the statutory limitation. The appeal must be dismissed.