## Commonwealth *v.* Scott, Appellant.

Argued June 16, 1971. Before WRIGHT, P. J., WAT-
KINS, MONTGOMERY, JACOBS, HOFFMAN, and CERCONE,
JJ. (SPAULDING, J., absent.)

*Harold Yaskin,* Assistant Defender, with him *John
W. Packel,* Assistant Defender, and *Vincent J. Ziccardi,*
Defender, for appellant.

*Harold K. Don, Jr.,* Assistant District Attorney,
with him *Milton M. Stein,* Assistant District Attorney,
*James D. Crawford,* Deputy District Attorney, *Richard*

*A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., September 21, 1971:

Appellant was found guilty, on July 13, 1971, of aggravated robbery, aggravated assault and battery, and carrying a concealed deadly weapon; he was later sentenced. Prior to trial, the lower court refused to grant appellant's petition to dismiss the indictments upon which the above charges were founded. Appellant's sole contention in this appeal is that the petition to dismiss should have been granted because the Commonwealth violated the terms of the "Agreement on Detainers", Act of September 8, 1959, P. L. 829, 19 P.S. §§1431-38 [hereinafter referred to as "Agreement"].

The Agreement provides, *inter alia,* that a person who is imprisoned in a penal institution of a state which is a party to the agreement may request that a final disposition be made of any indictment against him upon which a detainer has been lodged by another party state. 19 P.S. §1431, Art. III(a). If such a request is made, the state by which the detainer is lodged must bring the prisoner who requested disposition to trial within 180 days, subject to the provision that, for good cause, a court having jurisdiction over the matter may grant any necessary or reasonable continuance. *Id.* If the prisoner is not brought to trial within the 180-day period, the pending indictment must be dismissed, with prejudice, and any detainer based thereon ceases to be of any force. 19 P.S. §1431, Art. V(c). The running of the 180-day period is tolled whenever and for as long as the prisoner is unable to stand trial. 19 P.S. §1431, Art. VI(a). Finally, no provision of the Agreement, and no remedy made available by the Agreement, applies to any person who is adjudged to be mentally ill. 19 P.S. §1431, Art. VI(b).

Appellant was arrested and indicted, in 1963, for charges arising out of the robbery of a loan company located in Philadelphia. At the same time he was indicted for the robbery of a loan company in Delaware County. He pleaded guilty to the Delaware County charge and was committed to a state hospital for psychiatric studies. In 1964, while still undergoing hospitalization and prior to disposition of charges pending against him in Philadelphia, appellant escaped and went to New York. While in New York he was arrested, and in 1966 was found guilty of robbery and received a 3½- to 7-year prison sentence.

While serving this sentence in a New York State prison, appellant filed a request for a final disposition of the Philadelphia indictments pursuant to the Agreement.[1] Appellant was thereupon returned to Pennsylvania. He was received by Philadelphia prison authorities on December 13, 1968, and his trial was scheduled for December 30, 1968; however, the case was continued until February 1969 because defense counsel was not ready for trial at the time of the first listing.

On January 29, 1969, defense counsel made an application for an independent psychiatric examination of appellant. This application was not granted, but the court directed neuro-psychiatric studies by its own psychiatric division. Pursuant to this order, appellant was examined by two physicians who found the appellant mentally ill. On March 20, 1969, upon receipt of the report, the court found appellant mentally ill and committed him to the State Maximum Security Forensic Diagnostic Hospital at Holmesburg Prison for a period not to exceed 60 days. This commitment was made pursuant to section 408 of the Mental Health and Retardation Act of 1966, Act of October 20, 1966, Spec. Sess. No. 3, P. L. 96, 50 P.S. §4408.

---

[1] Both New York and Pennsylvania are parties to the Agreement.

On June 23, 1969, a psychiatric evaluation was submitted to the lower court by the hospital at Holmesburg finding appellant to be in a precarious pre-schizophrenic state, at present requiring medication. It further recommended "that the patient be given an opportunity to proceed with trial as quickly as possible if he shows the ability to cooperate with counsel in the preparation of his defense." No action was taken on this report[2] and, except for a defense request for a bill of particulars, filed on July 8, 1969, no further action was taken on the case. On December 30, 1969, the motion to dismiss the indictments was filed contending that appellant was not brought to trial within the 180-day limit established by the Agreement. As previously noted, this petition was denied and dismissed. We affirm.

The 180-day period specified in the Agreement did not run against the Commonwealth when defendant's counsel requested a continuance on December 30, 1968, because of his lack of preparation. The continuance was for a "good cause" and was "reasonable" within the meaning of the Agreement; and, pursuant to the Agreement, such a continuance prevented the 180-day period from running.

While the case was still being continued, defense counsel filed his request for an independent psychiatric examination. The request put the court on notice that a question as to appellant's competency to stand trial might arise and the written order of the court for an examination by its own psychiatrist was, in effect, a reasonable continuance for appellant's benefit. When the psychiatric department recommended a 60-day com-

---

[2] It is not clear whether the district attorney ever received a copy of this report. Testimony of defense counsel, taken at the hearing on the motion to dismiss, indicated that he thought he had sent a copy to the district attorney but he was not certain that he had.

mitment for further observation because of its finding that appellant was mentally ill, it was proper for the court, having adjudged him to be mentally ill, to order such a commitment. Appellant was unable to stand trial because he was involved in examinations to determine his competency.

Furthermore, because of the unique facts of this case, we feel that appellant's inability to stand trial lasted beyond the time the report of the psychiatrist was received, June 23, 1969, and continued until defense counsel indicated that appellant was able to cooperate with counsel. The reason for this is twofold: First, it was the defense who first raised the question of defendant's competency to stand trial and thus started the mental health proceedings. This, by itself, would not allow the Commonwealth to claim that the 180-day period was tolled indefinitely. However, secondly, the psychiatric evaluation (which followed the lower court's determination that appellant was mentally ill) recommended a speedy trial *if* appellant showed the ability to cooperate with counsel.[3] Whether appellant was able to cooperate with counsel was a fact known only to defense counsel.[4] For this reason, defense counsel should have indicated to the court that his client was able to cooperate with counsel and, therefore, able to stand trial. This would have started the 180-day period running, but not having given such notice the appellant was not entitled to the benefit of the Agreement and the court below was correct in denying this petition.

Judgment affirmed.

---

[3] One of the factors in determining if a person is competent to stand trial is whether he is capable of assisting in his defense. *Commonwealth ex rel. Epps v. Myers*, 197 Pa. Superior Ct. 145, 177 A. 2d 28 (1962).

[4] It should be noted that defense counsel, at the hearing on the motion to dismiss, indicated that he filed a bill of particulars because he was having trouble preparing the case for trial due to appellant's mental problems.