COMMONWEALTH *vs.* ERNEST ROBERT CARRILLO. April 14, 1977. Ar-
ticle 3(a) of the interstate Agreement on Detainers, adopted in this
Commonwealth by St. 1965, c. 892, § 1, provides that a prisoner in
another State, who requests final disposition of an untried indictment,
information or complaint in Massachusetts, on the basis of which a
detainer has been lodged against him, "shall be brought to trial within
one hundred eighty days after he shall have caused to be delivered
to the prosecuting officer and the appropriate court" written notice
of his place of confinement and his request for disposition. Here the
defendant mailed his request for disposition on October 1, 1975; but
the record does not disclose the date of its receipt by the appropriate
Massachusetts officials. He was brought to trial on April 5, 1976, one
hundred eighty-seven days after the request was mailed. Other juris-
dictions which have adopted the Agreement on Detainers are divided
on the question whether the one hundred eighty day period begins
on the date (a) on which the defendant requests the warden of the
institution in which he is confined to forward the necessary papers
(*Beebe* v. *State,* 346 A.2d 169, 171 [Del. 1975]), (b) on which the
papers are actually mailed (*State* v. *Wood,* 241 N.W.2d 8, 11-13 [Iowa
1976]), or (c) on which the authorities in the other State receive the
request for prompt disposition (*Commonwealth* v. *Fisher,* 451 Pa. 102,
104-105 [1973]). See *Davidson* v. *State,* 18 Md. App. 61, 67 (1972),
cert. den. 269 Md. 757 (1973). The defendant does not argue that
there was delay between his request to the warden and the mailing
of his application. For the following reasons we need not decide
whether the mailing or the receipt of the request triggers the run-

Rescript Opinions.

ning of the detainer statute under Massachusetts law. Compare *Conte*
v. *School Comm. of Methuen,* 4 Mass. App. Ct. 600, 603-604 (1976). The
statute provides that for "good cause" the court with jurisdiction over
the case may grant "any necessary or reasonable continuance." Here
the cases were called for trial on March 25, 1976; but the court con-
tinued the cases because only one day remained in the session which
gave insufficient time in which to complete the trial; and the following
session was not scheduled to begin until April 5. The continuance
was necessary and reasonable in light of scheduling difficulties. See
*Commonwealth* v. *Ambers,* 4 Mass. App. Ct. 647, 652-653 (1976). See
also *State* v. *Mason,* 90 N.J. Super. 464, 474 (1966). With the period
between March 25 and April 5 thus excluded from the running of the
statute (see *Dennett* v. *State,* 19 Md. App. 376, 384 [1973], cert. den.
271 Md. 734 [1974], and cases cited), the defendant was brought to
trial within one hundred eighty days of the mailing and, therefore
necessarily, of the receipt of the request. Consequently, we need not
determine whether either of the two earlier continuances was granted
for good cause.

*Judgments affirmed.*

*Richard J. Hayes* for the defendant.
*James W. Sahakian,* Special Assistant District Attorney (*Peter W.
Agnes, Jr.,* Assistant District Attorney, with him) for the Common-
wealth.