James H. McCLAIN, Personal Representative of the Estate of Floy Solbeck, Deceased, Plaintiff,

v.

UNITED STATES of AMERICA, Defendant.

Civ. No. 76–754.

United States District Court, D. Oregon.

Jan. 24, 1978.

William G. Sheridan, Jr., Tooze, Kerr, Peterson, Marshal & Shenker, Portland, Ore., for plaintiff.

Sidney I. Lezak, U. S. Atty., Dist. of Oregon, William B. Borgeson, Asst. U. S. Atty., Portland, Ore., for defendant.

## ORDER

BURNS, District Judge.

After review of the file and record in this case, I adopt the Magistrate's findings and recommendation.

Defendant's motion for summary judgment is granted. The Clerk will enter judgment dismissing this action.

FINDINGS AND RECOMMENDATION

Plaintiff has brought this wrongful death action against the government pursuant to Oregon's Wrongful Death Act, ORS 30.020. Plaintiff is the personal representative of a woman who died after an automobile accident on government land. Plaintiff contends that the accident was caused by one or more acts of negligence on the part of the government. The deceased was on the land in question for recreational purposes. She had not paid a fee. Jurisdiction arises under the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

The government has moved for summary judgment contending that ORS 105.665 and 28 U.S.C. § 2674 bar plaintiff's claim for relief.

[redacted] ORS 105.665(1) provides:

> An owner of land owes no duty of care to keep the land safe for entry or use by others for any recreational purpose or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering thereon for any such purpose.

The government was allegedly negligent in the design and maintenance of a roadway and in otherwise failing to warn the deceased of the dangers which the roadway posed to travelers. The government's negligence is alleged to have caused the deceased's death. On its face ORS 105.665 precludes plaintiff's claim.

[redacted] While there may have been some doubt as to the applicability of ORS 105.665 to government owned lands, since the statute was passed to encourage private landowners to open their land to public recreational use, *Loney v. McPhillips*, 268 Or. 378, 385–86, 521 P.2d 340 (1974), any doubt has been removed by *Denton v. L. W. Vail Co.*, 23 Or.App. 28, 37, 541 P.2d 511 (1975). *Denton* held that federally owned land is covered by the statute. Whether the *Denton* holding would be affirmed by the Oregon Supreme Court is a question we need not decide. In applying Oregon substantive law the federal court is bound by the decisional law of the Oregon courts. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *Denton* is now the controlling Oregon decisional law.

[redacted] Moreover, even if the Oregon Supreme Court limited the protection of ORS 105.665 to private landowners, the federal government would be immune from liability in this action as a result of an interaction between the Oregon statute and 28 U.S.C. § 2674.

28 U.S.C. § 2674 provides:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

This statute has been construed to mean that whether a claim against the government will prevail depends upon whether or not a private individual under like circumstances would be liable under the applicable state law. *United States v. Muniz*, 374 U.S. 150, 153, 83 S.Ct. 1850, 10 L.Ed.2d 805 (1963); *Jennings v. United States*, 374 F.2d 983, 985 (4th Cir. 1967). In other words, a state may not protect private citizens from liability without also protecting the federal government.

[redacted] Under the applicable state law a private individual would not be liable under these circumstances. Therefore, even if the Oregon courts were to hold that ORS 105.665 applied exclusively to private landowners, 28 U.S.C. § 2674 would relieve the government from liability.

Accordingly, defendant's motion for summary judgment should be granted.

Dated this 24 day of January, 1978.

(s) George E. Juba
United States Magistrate