**Mervin E. HAHN and Shirley P. Hahn, his wife, Plaintiffs,**

**v.**

**UNITED STATES of America**

**v.**

**COMMONWEALTH OF PENNSYLVANIA, Third Party Defendant.**

**Civ. No. 79–650.**

United States District Court, M. D. Pennsylvania.

May 23, 1980.

Wayne C. Parsil, Benjamin & Angino, Harrisburg, Pa., for plaintiffs.

Harry A. Nagle, Lewisburg, Pa., for United States of America.

Thomas E. Wood, Harrisburg, Pa., for Commonwealth of Pennsylvania.

## ORDER

MUIR, District Judge.

### THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On April 10, 1980, this Court issued an opinion and an order providing for further discovery on issues relating to the applicability of the Pennsylvania Recreation Use of Land and Water Act, Act of February 2, 1966, P.L. (1965) 1860, 68 P.S. §§ 477–1 et seq. In particular, the Plaintiff was given an opportunity to engage in discovery on the issue of whether 68 P.S. § 477–6(1), which provides that the provisions of the statute do not protect wilful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity deprives the United States of the protections of the Recreation Use statute. On May 1, 1980, the parties filed a stipulation of facts which provided in pertinent part that Mervin Hahn's alleged injuries were caused when he allegedly fell into a hole near the shoreline of a lake while he was fishing at the lake and that the hole was neither dug, drilled nor allowed to remain by the United States Army Corps of Engineers for the purpose of willfully or maliciously harming those who may come onto the land. The stipulation further provided that the Army Corps of Engineers and other servants or agents of the United States did not know of the hole in 1976 and did not wilfully or maliciously fail to guard or warn against the condition. As a result of the stipulation of facts, the Court noted in an order of May 2, 1980 that the Plaintiffs do not fall within any exception to the Recreation Use of Land and Water Act. As a result, pending before the Court is the motion of the United States to dismiss on the basis of the Recreation Use of Land and Water Act which has been construed as one for summary judgment.

█ Because the Court concluded in its opinion of April 10, 1980, that the Recreation Use of Land and Water Act, 68 P.S. § 477–1 et seq. is available as a defense to the United States and because the parties have stipulated that the provisions of 68 P.S. § 477–6(1) do not remove the protections of the Act from the United States in this case, summary judgment must be granted in favor of the United States. However, it is the Court's view that it

would be helpful briefly to review the reasoning set forth in the Court's orders of November 30, 1979 and February 7, 1980 as well as in the opinion of April 10, 1980 which lead to that conclusion.

68 P.S. § 477–1 states that the purpose of the Act is to encourage owners of land to make land available to the public for recreational use. An owner is defined in § 477–2 as a possessor of a fee interest as well as a lessee. The provisions of the Act apply to the duties and liability of an owner of land who leases land to the state. 68 P.S. § 477–5. There is no duty to keep premises safe for entry or use by others for recreational purposes or to warn of dangerous conditions on the property. However, the limits on liability do not apply to wilful or malicious conduct or where the owner of land charges a fee to the persons who enter the land. The Court has previously concluded that the United States did not charge a fee for entry onto the land. Paragraph 7 of the stipulation of facts filed by the parties on May 1, 1980 confirms that conclusion of the Court. 28 U.S.C. § 2674 provides that the United States is liable when sued under the Federal Tort Claims Act as if it were a private individual under like circumstances. Since this suit is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq., it is the Court's conclusion that the Recreation Use of Land and Water Act is available to the United States. *See also McClain v. United States*, 445 F.Supp. 770 (D.Or.1978).

The Plaintiffs have argued that the statute should not be available to the United States because it puts the United States in a better position than a private individual. The Plaintiffs contended that a private landowner is encouraged to make his property available to the public in exchange for a limitation of liability. They took the position that the citizens had the right of entry onto the lands of the United States and that the public would not be getting any exchange while the Government would be getting the benefit. Plaintiffs cited two Wisconsin cases which the Court discussed and distinguished in its order of February 7,

1980. The Court has also rejected the arguments of the Plaintiffs that tax monies in essence constitute a fee for entry onto the land and that the Government had some obligation to make this land available to the public. It has been the Court's conclusion and remains so that the United States had no obligation to make this land available to the public, although it had the right to do so and that it is fully entitled to the protections of the Recreation Use of Land and Water Act. Since no provision of the Recreation Use of Land and Water Act prevents the United States from utilizing the protections of the Act, the motion for summary judgment must be granted in favor of the United States.

On May 22, 1980, the Court received a letter from counsel for the Plaintiffs which enclosed a copy of the decision by the Court of Common Pleas for Centre County which discusses the applicability of the Recreation Use of Land and Water Act to the Commonwealth of Pennsylvania. The decision of the Court of Common Pleas of Centre County in *Hahn v. Commonwealth of Pennsylvania*, No. 1979–107 (Centre County May 3, 1980) (Sharp, P. J.) does not require a different result. In that case, the Hahns brought suit against the Commonwealth of Pennsylvania and the Commonwealth of Pennsylvania Department of Environmental Resources apparently alleging the same injuries that are the subject matter of this case. In the Centre County action, the Commonwealth filed preliminary objections in the nature of the Demurrer on the basis of the Recreation Use of Land and Water Act and the Sovereign Immunity Act, as amended by the Act of September 28, 1978, P.L. 788, No. 152, 42 Pa.C.S.A. § 5110. There the Court of Common Pleas concluded that the same defenses available in suits between private litigants would also be available in suits brought pursuant to the Sovereign Immunity Act. Crucial to the Centre County Court's determination of whether the Recreation Use of Land and Water Act is available to the Commonwealth is the definition of "owner" in 68 P.S. § 477–2(2). The Hahns pointed to

*Goodson v. Racine,* 61 Wis.2d 554, 213 N.W.2d 16 (1973) as indicating that the Commonwealth is not an owner within 68 P.S. § 477–2(2). After examining the purposes of the Wisconsin and the Pennsylvania Acts, the Common Pleas Court concluded that the Wisconsin case does not support the Hahns' position. However, the Court questioned whether the Pennsylvania legislature intended to confer upon the Commonwealth a redundant immunity since at the time of the passage of the Recreation Use of Land and Water Act, the Commonwealth already possessed sovereign immunity. As a result, the Court concluded that the Recreation Use of Land and Water Act did not apply to the Commonwealth. As an alternate ground, the Centre County Court of Common Pleas discussed 68 P.S. § 477–6(1) which as noted previously provides that the limited liability of the Recreation Act does not apply to wilful or malicious failure to guard or warn against a dangerous condition, use, or structure or activity. The Court's construction of this provision of the Act prevented the Commonwealth from using the Recreation Use of Land and Water Act, even assuming that it were available to the Commonwealth as an "owner" of property. Because the parties in the above-captioned case have entered into a stipulation such that the provisions of 68 P.S. § 477–6(1) could not possibly apply, the Court need not evaluate the reasoning of the Centre County court with regard to that section.

■ The United States is normally immune from suit except as it consents to be sued and the terms of such consent to be sued define a court's jurisdiction to entertain an action. *See Rosario v. American Export-Isbrandtsen Lines, Inc.,* 531 F.2d 1227, 1230–31 (3d Cir.) *cert. denied,* 429 U.S. 857, 97 S.Ct. 156, 50 L.Ed.2d 135 (1976). Unlike the Commonwealth of Pennsylvania, the United States had waived its sovereign immunity to some extent at the time of the Recreation Use of Land and Water Act was passed. 28 U.S.C. § 2674 provided then, as it does now, that the United States is liable with respect to tort claims in the same manner and to the same extent as a private individual would be under like circumstances. Clearly, the provisions of the Recrea-

tion Use of Land and Water Act are available to a private individual. It is the Court's view that it thus must be available to the United States. Because the Court has concluded as noted above that no exception to the Act makes the United States liable, the motion for summary judgment will be granted.

A motion to dismiss has also been filed by the United States on the grounds that the Plaintiffs have failed to comply with pretrial proceedings required by the Court's practice order. The Commonwealth of Pennsylvania has filed a motion to dismiss the third party complaint. Given the Court's decision on the motion for summary judgment, there is no need to reach the additional motions nor will the Court reach the issues raised in Plaintiffs' brief of April 28, 1980 dealing with the Court's jurisdiction over Hahn's "new claims." Because the Court's order of April 10, 1980 dismissed Count II of the amended complaint which contained the claim of Shirley P. Hahn, no additional order dealing with Mrs. Hahn's claims is necessary. The motion for summary judgment filed by the United States against Mervin E. Hahn will be granted and the Court will direct the entry of judgment in favor of the United States.

The Court will also correct an error in citation contained in the Court's order of May 2, 1980.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The United States' motion for summary judgment is granted.

2. The Clerk of Court shall enter judgment in favor of the United States against the Plaintiff Mervin Hahn.

3. The Court's order of May 2, 1980 is amended such that the number 58 on page 1 line 8 is deleted and the number 68 is substituted therefor.

4. The Clerk of Court shall close the file in the above-captioned case.