477 A.2d 548

**COMMONWEALTH of Pennsylvania**

v.

**Steven BLACKBURN, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 7, 1983.

Filed June 15, 1984.

Petition for Allowance of Appeal Denied Sept. 20, 1984.

484

Norris E. Gelman, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before BROSKY, MONTGOMERY and CERCONE, JJ.

PER CURIAM:

Appellant was convicted of first degree murder and conspiracy and was sentenced to life in prison. Upon direct appeal this court affirmed the judgment of sentence. *Commonwealth v. Blackburn*, 272 Pa.Superior Ct. 1, 414 A.2d 638 (1979). The Supreme Court granted appellant's petition for allocatur and simultaneously remanded "for the appointment of new counsel and a determination of the claim that counsel failed to interpose objection to the violation of the Interstate Agreement on Detainers Act and to preserve this claim for appellate review." The trial court on remand conducted a hearing after which it found that, excluding delays occasioned by defense counsel's requests for continuances, appellant was tried within the time constraints of the Interstate Agreement on Detainers Act (hereafter referred to as the I.A.D.), and hence counsel was not ineffective in not pursuing a motion to discharge.

We see no need to recount either the procedural or factual history of this case as such has been detailed both in

our previous opinion in this case and the several opinions of the Court of Common Pleas of Philadelphia County. It suffices to state that appellant was tried one hundred thirty-nine (139) days after his return to Pennsylvania pursuant to the I.A.D. That Act, as adopted by this Commonwealth provided:

(c) In respect of any proceeding made possible by this article, trial shall be commenced within one hundred twenty days of the arrival of the prisoner in the receiving state, but for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.

19 P.S. § 1431, Art. IV(c).[1] Appellant contends that since he was not tried within 120 days of his return to Pennsylvania he should have been discharged and that he would have been, except for counsel's failure to raise such claim. Therefore, he suggests that counsel was ineffective. We disagree.

As the record demonstrates, and the hearing court found, various continuances were requested and granted at the defense's request.[2] Hence, this case is clearly distinguishable from *Commonwealth v. Gregg*, 470 Pa. 323, 368 A.2d 651 (1977), relied upon by appellant, where the record did not support or justify a finding that counsel was, or would be, unavailable for trial. Instead, the result here is controlled by *Commonwealth v. Scott*, 219 Pa.Superior Ct. 470, 281 A.2d 754 (1971), where we held that delay caused by counsel's request for a continuance, because of his need for additional time to prepare, amounted to "good cause" and it was "reasonable" to toll the I.A.D. period. Here, counsel's various requests extended the time in which appellant could be brought to trial, see *Reaves v. State*, 242 Ga. 542, 250 S.E.2d 376 (1978) (delay causes by pre-trial motions equaled

1. Since reenacted at 42 Pa.C.S.A. § 9101, Art. IV(c).

2. The various continuances were requested because of illness and to allow counsel to prepare various pre-trial motions.

"good cause" under I.A.D.); *see also Commonwealth v. Washington*, 488 Pa. 133, 411 A.2d 490 (1979) (120 day period was tolled by either defendant's consent or own actions). Appellant was tried within such extended period.

■ Accordingly, as appellant's substantive contention is without merit, counsel will not be deemed ineffective in failing to pursue it. *Commonwealth v. Anderson*, 501 Pa. 275, 461 A.2d 208 (1983); *Commonwealth v. Courts*, 315 Pa.Superior Ct. 108, 461 A.2d 820 (1983).

■ Appellant also complains that the court unduly restricted the hearing solely to counsel's ineffectiveness concerning the I.A.D. claim, instead of permitting him to explore other alleged areas of ineffectiveness. We may not fault the court for proceeding in, as the appellant describes, this piecemeal fashion as it was following the directive of the Supreme Court. Furthermore, such course was dictated by appellant's failure to raise his other claims earlier before the Supreme Court. In light of the fact that the hearing has already been held on the I.A.D. claim, we accept the reasoning offered by the Commonwealth, that the goal of judicial economy would not be served by remanding for a broader hearing at this point in time.

Order affirmed.