James J. BARRETT, Jr., Plaintiff,

v.

PENNSYLVANIA GAS & WATER CO., Defendant.

Civ. No. 84–1344.

United States District Court,
M.D. Pennsylvania.

Sept. 24, 1985.

David J. Gallagher, Phillipsburg, N.J., John R. Vivian, Easton, Pa., for plaintiff.

John G. Whelley, Jr., Michael T. Savitsky, Rosenn, Jenkins & Greenwald, Wilkes-Barre, Pa., for defendant.

MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff filed this action pursuant to 28 U.S.C. § 1332 alleging that he was injured while swimming on property owned by Pennsylvania Gas & Water Company [PG

---

* AFFIRMED BY UNPUBLISHED ORDER DAT-  ED APRIL 1, 1986, 7th Cir. No. 85–2528

& W]. On March 7, 1985, defendant filed a Motion for Summary Judgment and a Brief in Support thereof. Plaintiff filed an Opposition Brief on April 9, 1985 to which defendant replied. The court heard oral argument on the motion on July 3, 1985 and the parties were required to file supplemental briefs. Those briefs having been filed, the motion is ripe for disposition. For the reasons set forth below, defendant's Motion for Summary Judgment will be granted.

## I. FACTS

Viewing the facts in a light most favorable to plaintiff reveals the following: Plaintiff, a resident of New Jersey was visiting friends in Luzerne County, Pennsylvania in June, 1982.

Plaintiff and friends drove to the area of a dam in Plymouth Township owned by defendant for the purpose of swimming in the reservoir. Upon arrival and entry on the land, plaintiff did not see any signs forbidding entry, swimming or related activities although such signs have been posted in the past by PG & W. Further, when plaintiff's group arrived, other people were already swimming. For approximately an hour, plaintiff and a friend sat conversing on the dam wall above an area of dry land. The dam wall is approximately three (3) feet wide and has a relatively flat surface area. Plaintiff decided to go swimming and ran down the dam wall and dived into the reservoir. After swimming for a time, plaintiff emerged from the water by climbing out onto a spillway area, a point farther down on the wall from plaintiff's point of entry into the water. The spillway from which plaintiff emerged is the lowest portion of the dam wall and has approximately one inch of water or less running over it. After pulling himself out of the water, onto the spillway of the dam, plaintiff began walking back to the place on the wall where he had originally been sitting. Leaving the spillway, which involved an incline of a few inches or so, plaintiff walked to the opposite side of the dam wall, the land side, and looked over it. Upon looking over, plaintiff "misstepped" and fell off the land-side of the dam and was injured.[1]

## II. DISCUSSION

The issues presented to the court are whether the Pennsylvania Recreation Use of Land and Water Act, 68 Pa.Cons.Stat. Ann. § 477–1 et. seq. immunizes defendant from liability and what legal status plaintiff held while on defendant's land, i.e., invitee, licensee or trespasser. Because the court finds that the Pennsylvania Recreation Use of Land & Water Act [Act] immunizes PG & W from liability in this action, it is unnecessary to establish plaintiff's legal status when he was on defendant's land. PG & W maintains that the Act applies and shields defendant from any liability for plaintiff's injuries. The court agrees.

The purpose of the Act is to encourage landowners to make land and water available for recreational purposes by limiting the landowner's liability to those who enter. 68 Pa.Cons.Stat.Ann. § 477–1. The pertinent provisions of the Act provide:

> Except as specifically recognized or provided in section 6 of this act, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

Id. at § 477–3 (footnote omitted).

> Except as specifically recognized by or provided in section 6 of this act, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:
>
> (1) Extend any assurance that the premises are safe for any purpose.
>
> (2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

1. By affidavit filed July 22, 1985, plaintiff explained that he "meant my feet went out from under me from lack of sufficient traction on the spillway surface." Document 32 of the Record.

(3) Assume responsibility for or incur liability for any injury to persons or property caused by an act or omission of such persons.

*Id.* at § 477–4 (footnote omitted).

Nothing in this act limits in any way any liability which otherwise exists:

(1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure or activity.

(2) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that in the case of land leased to the State or a subdivision thereof, any consideration received by the owner for such lease shall not be deemed a charge within the meaning of this section.

*Id.* at § 477–6.

With the applicable law set forth, the court turns to the facts presented in the case *sub judice.* Plaintiff attempts to avoid the applicability of the Act by arguing that PG & W continually attempted to keep people off its land, thus PG & W was not a landowner who encouraged the public to use its land for recreational purposes.[2] Plaintiff claims this forecloses defendant from utilizing the Act to shield itself from liability. In continuing his argument, plaintiff then maintains that he was an invitee[3] because defendant acquiesced in the use of its land for swimming. Plaintiff's Supplemental Brief, Document 31 of the Record at 4–5. Plaintiff cannot have it

both ways. In arguing that defendant acquiesced, plaintiff defines defendant as a landowner who, at least, has indirectly permitted persons to use the land for recreational purposes. Such being the case, defendant would then be shielded from all liability except that liability which arose as a result of willful or malicious conduct. § 477–4. In arguing that the Act does not apply because defendant continually attempted to preclude people from swimming at the dam, plaintiff in actuality defines himself as a trespasser,[4] *i.e.,* a person upon land without consent, implied or express, of the landowner.[5]

While the court finds that the Act shields PG & W from liability in this case, there is, unfortunately, scant Pennsylvania law on the Act and no legislative history. Thus, the court approaches the issue of the Act's applicability with caution, attempting to determine how the Pennsylvania courts would address this issue. At the outset, the court notes that at least one Pennsylvania court has indicated that a defendant-landowner who has not permitted people to use his land may still avail himself of the immunity granted by the Act. *Smith v. Mosier,* 29 D. & C.3d 660 (1984). Additionally, the court is guided by Pennsylvania's rules of statutory construction. "[W]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." 1 Pa.Cons. Stat.Ann. § 1903(a). "Where the words of a statute are clear and free from all ambiguity, the letter is not to be disregarded under the pretext of pursuing its spirit." 1

---

**2.** Swimming is defined as a recreational purpose under the Act. *See* § 477–2(3).

**3.** Under the Restatement (Second) of Torts, adopted by Pennsylvania courts, *see Wiegand v. Mars National Bank,* 308 Pa.Super. 218, 454 A.2d 99, (1982), an invitee is defined as a person "who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public." Restatement (Second) of Torts, § 332.

**4.** A trespasser is defined as one "who enters or remains upon land in the possession of another without a privilege to do so created by the possessor's conduct or otherwise." Restatement (Second) of Torts § 329.

**5.** Plaintiff has argued that his legal status is determined by his subjective belief as to his status while he was on the land. Plaintiff, however, contrary to representation at oral argument, has not provided the court with one case which would support his theory. The Restatement, in defining the terms of invitee, licensee and trespasser, speaks in terms of the possessor of land's conduct in giving or implying consent to be on the property. The court finds that plaintiff's mere subjective belief that it was permissible to swim at the dam does not confer upon plaintiff the status of invitee or licensee.

Pa.Cons.Stat.Ann. § 1921(b). "Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.Cons. Stat.Ann. § 1921(a). *See Livingston v. Pennsylvania Power & Light Co.,* 609 F.Supp. 643 (E.D.Pa.1985). The clear language of the statute provides that "an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes...." § 477–3. Subdivision 4 of the Act then *further* provides that an owner who directly or indirectly invites or permits a person to use the property for recreational purposes does not extend any assurance that the premises are safe nor confer upon that person the status of invitee or licensee to whom a duty of care is owed. § 477–4. The court's reading of §§ 477–3 and 477–4 is that an owner of land owes no duty of care to those who use the land for recreational purposes, and further, the landowner does not incur liability to one injured using his land for recreational purposes by virtue of the fact that the person was directly or indirectly invited or permitted onto the land. Thus, the court views § 477–4 as a further extension of immunity, in other words, a catch-all provision. Were those circumstances in which the owner invited or permitted a person to use his land covered by § 477–3, there would be no need for § 477–4. While the purpose of the Act is to encourage landowners to open their land to others, the clear language of the statute provides that an owner of land, regardless of whether he holds open his land to others, owes no duty of care to keep the premises safe for entry or use by others for recreational purposes. § 477–3.

The court's view that the stated purpose of the Act is not determinative of the Act's applicability is strengthened by the reasoning set forth in *Hahn v. United States,* 493 F.Supp. 57 (M.D.Pa.1980). In *Hahn,* the plaintiff argued that because the United States was bound to hold certain lands open to the public, it did not hold its land open in response to the Act and, therefore, the immunity conferred by the Act should not apply. The Court rejected this argu-

ment and held that the Act was available to the United States. *See also, Smith, supra.*

It is the court's interpretation that the clear and unambiguous provisions of the Act shield PG & W from any liability except for injury arising from willful or malicious conduct. Plaintiff conceded that there was no evidence of any willful activity. Transcript of Oral Argument, Document 33 of the Record at 20. Thus, the court concludes that pursuant to the Pennsylvania Recreation Use of Land and Water Act, PG & W is immunized from liability.

Assuming *arguendo* that the Act did not apply, plaintiff's legal status would be no more than a trespasser. Unquestionably, PG & W did not expressly condone plaintiff's presence on its land nor is there any evidence that PG & W, by its conduct, led plaintiff to believe that he had PG & W's permission to be on the land. The fact that plaintiff thought it was permissible does not raise his status to that of invitee or licensee. Again, the court notes that plaintiff has failed to cite any support for his theory that it is his subjective belief which determines his status.

Plaintiff conceded at oral argument that if he were a trespasser, then PG & W's liability would be equivalent to its liability if the Act applied. A landowner owes no duty to a trespasser except for injuries arising from willful or malicious conduct. None being present here, PG & W is not liable for plaintiff's injury.

An appropriate Order will enter.