Darnell R. **BAYLOR**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 84–366.

District of Columbia Court of Appeals.

Argued Sept. 17, 1985.

Decided Nov. 13, 1985.

Regina L. Jackson, Washington, D.C., appointed by this court, for appellant.

Mary Ellen Abrecht, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on brief, for appellee.

Before NEBEKER and TERRY, Associate Judges, and GALLAGHER, Senior Judge.

GALLAGHER, Senior Judge:

Appellant was convicted by a jury of receiving stolen property of a value of $100 or more, D.C.Code § 22–2205 (1981), and challenges in this appeal the trial court's denial of his pretrial motion to dismiss the indictment by which he was charged on the ground that the indictment was untimely filed under the Interstate Agreement on Detainers (IAD), *id.* § 24–701 *et seq.*[1] There being no merit to the contention that the IAD had been violated in this case, we affirm appellant's conviction.

On May 20, 1983, the United States government lodged a detainer against appellant at the Maryland Department of Corrections facility in Hagerstown, Maryland,

---

1. The indictment alternatively charged appellant with grand larceny, D.C. Code § 22–2201 (1981). He was acquitted by the jury of this charge.

where he was serving a six-year term of imprisonment on an unrelated conviction in Prince Georges County for breaking and entering. The detainer was filed on the basis of an outstanding Superior Court warrant for appellant's arrest on the receiving stolen property charge of which he was ultimately convicted.[2] The Superior Court warrant was attached to the lodged detainer.[3]

Upon being notified that the detainer had been filed against him, appellant demanded a speedy trial on the outstanding charge by executing a form that was attached to the detainer. Appellant's demand for a speedy trial was dated June 2, 1983, and was delivered shortly thereafter to the United States Attorney's Office for the District of Columbia on June 8.[4] Several months later, on October 20, 1983, appellant was transferred to the District for prosecution pursuant to the government's filing of a Writ of Habeas Corpus ad Prosequendum.[5]

On November 7, 1983, an indictment was filed in the Superior Court charging appellant with one count of receiving stolen property of a value of $100 or more and an additional count of grand larceny. Two days later, counsel was appointed by the court to represent appellant. However, on November 14, the trial court vacated the appointment and appointed new counsel. Then, on November 22, appellant's then-present counsel was permitted to withdraw and yet another new counsel entered an appearance in the case. Appellant was arraigned on that date and the matter was continued for trial to November 30.

Appellant orally moved to dismiss the indictment on November 30, the date originally set for trial. The court heard considerable argument on the motion,[6] the defense position essentially being that appellant was denied rights under the IAD and due process of law by the government's delay in procuring the indictment. Specifically, appellant argued that because he had demanded a speedy trial upon receipt of the government's detainer, the government was required to bring him to trial within 180 days of his demand,[7] and yet delayed until the 155th day, November 7, 1983, to get an indictment. Appellant asserted that he was prejudiced by this delay insofar as he had at most 25 days to prepare for trial from the date he found out precisely what charges had been brought against him. Alternatively, and albeit reluctantly, appel-

2. Appellant was convicted on the Maryland charge in December 1982 and his six-year term commenced upon sentencing in April 1983. In the interim, the Metropolitan Police Department obtained a warrant authorizing appellant's arrest on the charge of receiving stolen property. It appears that on January 31, 1983, the United States government filed a detainer against appellant with Prince Georges County where he was being detained pending sentencing. This detainer was ineffectual under the IAD, however, since appellant had not yet begun serving his Maryland sentence. See Christian v. United States, 394 A.2d 1, 39–41 (D.C.1978) (per curiam), cert. denied, 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979).

3. The Superior Court warrant was not made a part of the record in this case. But see note 13, infra.

4. In its brief, the government notes that neither the detainer filed against appellant nor the attached demand for a speedy trial form which he executed makes reference to the IAD. Rather, it refers to the prisoner's rights under the Speedy

Trial Act of 1974, 18 U.S.C. § 3161 et seq. (1982), which is inapplicable to prosecutions in the Superior Court. United States v. Alston, 412 A.2d 351, 356 n. 10 (D.C.1980) (en banc). We agree with the government that appellant's demand for a speedy trial constituted under Article III(a) of the IAD "written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint...." See United States v. Bailey, 495 A.2d 756, 758 n. 3 (D.C.1985).

5. The government notes further in its brief that the writ was actually sought to secure appellant's presence at a line-up. It does not appear that appellant was ever returned to the Hagerstown facility pending his trial in the Superior Court.

6. The court entertained argument on appellant's motion on November 30, and then again on December 2, 1983.

7. IAD, id. § 24–701, art. III(a), discussed in text infra.

lant moved for a continuance in order that he might have additional time for trial.[8]

On December 5, 1983, the trial court denied in open court appellant's motion to dismiss the indictment. Although the court stated that it would be unfair if the government were to use the IAD's 180-day period for tactical purposes—*e.g.*, indictment on the 178th day, arraignment on the 179th day, and trial on the 180th day—the court recognized that it could continue the trial beyond the 180th day "for good cause shown in open court, the prisoner or his counsel being present...." IAD, *id.*, § 24–701, art. III(a). It appears that it was on this ground that the court denied appellant's motion.[9] The following day, the court continued the case for trial to January 17, 1984. On January 20, the jury returned a verdict of guilty on the charge of receiving stolen property of a value of $100 or more. Appellant was sentenced in March 1984, and thereafter appealed to this court.

▇▇▇▇ Article III(a) of the Interstate Agreement on Detainers provides in pertinent part as follows:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State,[10] and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been

lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint: Provided, that, for good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance.[11] [Footnotes inserted.]

Where the person against whom a detainer has been lodged requests a final disposition under Article III(a), and trial is not brought within the 180-day period, the court "shall enter an order dismissing the ... [indictment, information, or complaint] with prejudice, and any detainer based thereon shall cease to be of any force or effect." IAD, *id.* § 24–701, art. V(c).[12] However, the 180-day period will not be deemed to have expired where it has been effectively tolled. A tolling is effectuated under Article III(a) by the granting of any "necessary or reasonable" continuance "for good cause shown in open court, the prisoner or his counsel being present...." *See, e.g., State v. Brown,* 125 N.H. 346, 349, 480 A.2d 901, 904 (1984); *Commonwealth v. Blackburn,* 328 Pa.Super. 483, 486, 477 A.2d 548, 549–50 (1984); *Simakis v. District Court,* 194 Colo. 436, 439, 577 P.2d 3, 5–6 (1978); *Commonwealth v. Carrillo,* 5 Mass.App.Ct.

---

**8.** Counsel expressed his concern to the court that by moving for a continuance, he might be waiving his client's rights under the IAD.

**9.** A fair reading of the December 5 hearing transcript suggests that the court would have denied appellant's motion to dismiss, and proceeded to trial, had not counsel for appellant needed more time to prepare his case.

**10.** The State of Maryland is a party to the IAD.

**11.** The detainer was lodged in this case on the basis of a felony complaint which accompanied the arrest warrant. A *nolle prosequi* was entered on the complaint after the indictment was filed as the charging document. *Government Brief* at 3 n. 6.

**12.** Article V (c) is also applicable to the 120-day period contained in Article IV. The 120-day rule is not applicable to the instant case, however, since it was appellant's action here which triggered the statutory period, *i.e.*, the delivery of a request for disposition; under Article IV, prosecutorial action triggers the running of the statutory period, *i.e.*, the "presentation of a written request for temporary custody or availability to the appropriate authorities of the State in which the prisoner is incarcerated...." *See Cuyler v. Adams,* 449 U.S. 433, 443–44, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981); *Dobson v. United States,* 449 A.2d 1082, 1085 (D.C.1982), *cert. denied,* 464 U.S. 831, 104 S.Ct. 109, 78 L.Ed.2d 111 (1983).

812, 813, 361 N.E.2d 415, 416 (1977); *Dennett v. State,* 19 Md.App. 376, 378, 311 A.2d 437, 442 (1973); *Commonwealth v. Scott,* 219 Pa.Super. 470, 474, 281 A.2d 754, 756 (1971). In appropriate cases, strict adherence to the 180-day period may also be avoided by the direct application of Article VI(a) of the IAD, which provides for tolling "whenever and for as long as the prisoner is unable to stand trial."

Appellant "caused to be delivered" his request for a final disposition, *see supra* note 3, on June 8, 1983, the date it was received by the United States Attorney's Office for the District of Columbia. Consequently, the government had until December 5, 1983, to bring appellant to trial, that being, by our calculation, the 180th day from June 8, 1983. Appellant submits in this appeal that he was prejudiced by the delay of the government in procuring the indictment, pointing to the fact that his indictment was not filed until the 155th day of the 180-day period, thereby leaving him 25 days in which to prepare a defense. Appellant also notes that he was not appointed his last trial counsel until November 22, 1983, which effectively reduced the time he had to prepare.

It is a purely academic question in this case whether the government must charge a prisoner, by indictment or otherwise, sufficiently in advance of the expiration date of the 180-day period under Article III(a) in order to afford the prisoner reasonable time to mount a defense. Here, appellant's trial did not actually commence until January 17, 1984. Thus, even if we were to assume that appellant did not have notice of the charges against him until November 7, 1983,[13] the date he was indicted, or could not initiate defense preparation until he was appointed final trial counsel on November 22, he had sufficient time for defense preparation—nearly two months, in fact.

■ Rather, the question is whether the 180-day period was properly tolled under the IAD. We hold that it was. At appellant's request, the court continued the case for trial well into January 1984, in order to afford counsel an opportunity to adequately prepare. This is specifically a type of "good cause" which Article III(a) contemplates. *See State v. Brown, supra,* 125 N.H. at 349, 480 A.2d at 904; *Commonwealth v. Blackburn, supra,* 328 Pa.Super. at 486, 477 A.2d at 549–50; *Simakis v. District Court, supra,* 194 Colo. at 439, 577 P.2d at 5–6; *Dennett v. State, supra,* 19 Md.App. at 378, 311 A.2d at 442; *Commonwealth v. Scott, supra,* 219 Pa.Super. at 474, 281 A.2d at 756. And, as required, this cause was shown in open court with the prisoner or his counsel (counsel here) being present. IAD, *id.* § 24–701, art. III(a).[14]

We conclude that the trial court properly continued this matter to permit defense counsel time for trial preparation and that therefore appellant's rights under the IAD were not violated.

*Affirmed.*

---

**13.** We note, parenthetically, that appellant had notice of the charges against him at least as early as June 2, 1983, the date he executed the demand for a speedy trial form, which was attached to the detainer. Both the detainer and speedy trial form note that the detainer was based on an outstanding warrant for "receiving stolen property." At oral argument, the government suggested that appellant had more information on the charge from the speedy trial form, pointing specifically to the notation on the form that the warrant was attached. The government stated during oral argument that the warrant specified certain things about the charge, such as the date the crime was committed.

**14.** Appellant makes the difficult argument that because the continuance proviso in Article III(a) states, "the prisoner or his counsel being present," a continuance is only effectual if *the government* requests it. This argument is wholly without merit.

Incidentally, Article III(a) permits the court to grant a "necessary or reasonable" continuance. Here, the continuance for trial to January 17, 1984, was reasonable, particularly in light of the fact that at the December 2, 1983 hearing, counsel intimated that she would need a minimum of thirty additional days for defense preparation.