## Friedman v. Grand Central Sanitation Inc.

*Philip D. Lauer,* for plaintiff. 
*Robert Simpson Jr.,* for defendant.

WILLIAMS, *P.J.,* December 2, 1987 — This case comes before us on defendant Grand Central Sanitation Inc.'s motion for summary judgment. Counsel have submitted briefs and, after careful review of the record compiled in this matter, we find the following to be relevant.

Plaintiff instituted this action as a result of injuries sustained when he allegedly was overcome by fumes and fell into a trench located on defendant's property in Plainfield Township, Northampton County. The accident occurred on September 1, 1984, while plaintiff was hunting. Although plaintiff began his hunting expedition on Farmer Gum's [sic] property, and with Farmer Gum's [sic] permission, he alleges that later he inadvertently wandered onto the defendant's property. Defendant uses its property as a sanitary landfill.

Defendant bases its motion upon the immunity provided by the Recreational Use of Land and Waters Act, 68 P.S. §477-1 et seq. Essentially, defendant claims that, as the owner of real property, it cannot be held liable for plaintiff's injuries since plaintiff entered the premises for a recreational purpose for which defendant did not charge a fee. Defendant also contends that the fact that it posted "No Trespassing" signs on its property and prosecuted trespassers does not deprive it of the act's protection. In addition, the deposition of Ronald Perin, the president of Grand Central Sanitation, reveals that company guards were instructed to chase trespassers off the property and that Grand Central had prosecuted trespassers in the past.

Plaintiff's contrary position is that defendant has actively discouraged recreational use of the property and, as a result, the property was not made available to the public pursuant to the act. Plaintiff also claims that defendant's conduct is not consistent with the purposes of the act and, therefore, we should not grant immunity.

In considering a motion for summary judgment, we must apply Pa.R.C.P. 1035(b), which directs a court to enter summary judgment "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The court is to enter such a judgment only in clear cases where there is no doubt as to the absence of a triable issue of fact. *Mariscotti v. Tinari*, 335 Pa. Super. 599, 485 A.2d 56 (1984); *Williams v. Pilgrim Life Insurance Co.*, 306 Pa. Super. 170, 172, 452 A.2d 269, 270 (1982). All doubts as to the existence of a genuine issue of material fact are to be resolved against the party moving for summary judgment, *Thorsen v. Iron and Glass Bank*, 328 Pa. Super. 483, 450 A.2d 1015 (1982), and all favorable inferences inure to the benefit of the non-moving party. *Graf v. State Farm Insurance Co.*, 352 Pa. Super. 127, 507 A.2d 414 (1986).

The issue of whether or not the act applies to confer immunity upon the defendant is a proper question for us to resolve in a motion for summary judgment and for the following reasons we regrettably grant defendant's motion.

The stated purpose of the act "is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering

thereon for such purposes." Section 477-1. Section 477-3 elaborates upon the limited liability to which the act's purpose refers. It states:

"[A]n owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes." 68 P.S. §477-3.

The immunity granted in section 477-3 is withdrawn if the two factors set forth in section 477-6 are present. Thus, liability will not be limited "for wilful or malicious failure to guard or warn against a dangerous condition, use, structure or activity" and "for injury suffered in any case where the owner of land charges" the recreational user a fee. 68 P.S. §477-6(1) and (2). We need not address these considerations as the parties have stipulated that a wilful and malicious failure to guard or warn is not at issue here and that defendant did not charge a fee to those entering upon its property.

It is clear that defendant is an "owner" of property as defined in 68 P.S. §477-2(2) and that plaintiff entered defendant's property to pursue a recreational activity. 68 P.S. §477-2(3). Therefore, since defendant conforms to the statutory requisites, both as they are written in 68 P.S. §477-1 et seq. and as they have been applied by the caselaw of our commonwealth, we must conclude that the defendant is entitled to the immunity conferred by the act. See *Gallo v. Yamaha*, 363 Pa. Super. 308, 526 A.2d 359 (1987) and cases cited therein. These authorities have ruled that the failure in section 477-3 of the act to include the same modifying language as that of the purpose section compels this conclusion. The result is that the cases examine the facts solely from the viewpoint of the user's purpose

rather than the activities of the owner to encourage or to discourage recreational use of its land. See *Barrett v. Pennsylvania Gas & Water Co.,* 631 F.Supp. 731 (M.D. Pa. 1985) (no trespassing signs posted near power company's dam and lake); *Smith v. Mosier,* 29 D. & C. 3d 660 (1984); *Gallo, supra.*

In this case defendant has taken numerous steps to insure that members of the public do not enter its property for any purposes. It hired guards to patrol the property and watch for unauthorized visitors. Such visitors were asked to leave the property and a few of those who violated the "No Trespassing" signs were prosecuted as trespassers. Defendant posted the "No Trespassing" signs pursuant to company policy that the property be posted each year during the hunting season because safety was "a number one factor" with defendant. In addition, defendant limited the people allowed to hunt on its property to business associates, employees, employees' friends and the owner's relatives.

Although the facts in none of the decided cases have been so clearly in conflict with the purposes of the act, we feel compelled by their interpretation of section 477-3 to reach the same result.

Wherefore, we enter the following

## ORDER OF COURT

And now, December 2, 1987, defendant Grand Central Sanitation's motion for summary judgment is granted and plaintiff's complaint is dismissed.