**HUDSON COUNTY BOARD OF CHOSEN FREEHOLDERS, Appellant,**

v.

**Jorge MORALES, Township of Secaucus, Internal Revenue Service and Plaza National Bank.**

**No. 77–2253.**

United States Court of Appeals, Third Circuit.

Argued May 2, 1978.

Decided July 31, 1978.

Harold J. Ruvoldt, Jr., Hudson County Counsel, M. J. Frank, Asst. County Counsel, Jersey City, N. J., for plaintiff-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief App. Section, Crombie J. D. Garrett, Michael J. Roach, Attys., U. S. Dept. of Justice, Tax Div., Washington, D. C., for defendants-appellees.

Before ADAMS, HUNTER and WEIS, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

This appeal is from a judgment by the district court rejecting the position of the Hudson County Board of Chosen Freeholders that a sum of money seized at the time of Jorge Morales' arrest was forfeited to it,

ordering instead that a substantial portion of the money be paid to the United States in satisfaction of a lien for federal income taxes owed by Morales, and directing that the remainder be returned to Morales.

## I.

Morales was arrested by the police of Secaucus, New Jersey, on February 1, 1974, and charged with violating New Jersey law by possessing a controlled dangerous substance and by possessing such substance with an intent to dispense it. At the time of Morales' arrest, the trunk of the vehicle he was driving was opened at the request of a police officer, and in it the officer observed a paper bag containing a sizeable sum of cash.

After seizing the money, which totaled $27,805, the Secaucus police placed it in an account in the Plaza National Bank of Secaucus. There it has been retained in a safety deposit box.

While Morales was detained at the police station after his arrest, the police engaged in a consent search of his apartment. That search revealed the presence of heroin, cocaine and marijuana. A Hudson County grand jury subsequently returned an indictment against Morales. Morales pleaded guilty to the count charging him with possession of a controlled dangerous substance with intent to dispense, and the other counts were dismissed.

Shortly after the money seized from Morales' vehicle had been placed in the bank, a notice of levy against it was served on the Secaucus police by the Internal Revenue Service (IRS). The IRS sought the funds to satisfy federal income taxes claimed from Morales. In April of 1974, Morales filed a tax return for the year 1973, which resulted in an assessment for unpaid taxes for 1973 in the amount of $16,899.61. Thereafter, on May 28, 1974, the IRS served on the Secaucus police an updated notice of levy reflecting the newly-determined amount of tax liability.

On October 29, 1975, the Board of Chosen Freeholders of Hudson County filed a complaint in Hudson County Superior Court, Law Division, seeking a judgment that would "(d)eny the validity of the claimed lien by the Internal Revenue Service," declare "the money forfeited to the County of Hudson" and order "the Township of Secaucus and Plaza National Bank to remit said monies to the Treasurer of Hudson County." The theory of the complaint filed by Hudson County was that since Morales had committed a crime in violation of New Jersey law, the money seized at the time of his arrest was *ipso facto* forfeited to the County "wherein the offense took place, namely Hudson, and said forfeiture became effective at the time of the commission of the offenses involved." On this basis, the complaint asserted, "the Internal Revenue Service's attempt to levy is invalid, and the said sum of $27,805.00 together with any accrued interest belongs to the people and government of Hudson County." Complaint at p. 2.

Acting for the IRS, the United States Attorney on November 28, 1975, filed a petition for removal of the suit to federal court. The petition stated that the action is "subject to removal pursuant to 28 U.S.C. § 1444 in that the complaint appears to allege a claim to quiet title to personal property on which the United States claims a lien."

In a letter opinion dated March 29, 1976, the district court concluded that it had jurisdiction over the case. It noted that the United States was named as a party to the action by means of the designation of the IRS as a defendant, and that the complaint sought to quiet title to cash to which the United States asserted a tax lien. The district judge then determined that the IRS had a right to remove the suit to federal court under 28 U.S.C. §§ 1444 and 2410(a), since the action was one to "quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410(a). In an order entered on May 6, 1976, the district court denied the County's petition for remand to the Superior Court.

The IRS filed an answer on May 25, 1976, in which it maintained, *inter alia,* that the court should dismiss the complaint, and asserted a counter-claim seeking enforcement of a lien for unpaid federal income taxes against the sum of cash held in the Plaza National Bank. Morales filed an answer seeking, *inter alia,* an order that the $27,805, less the sum of $16,899.61 due the United States, be returned to him.

An opinion by the district court dated March 3, 1977, reaffirmed its prior conclusions that it had jurisdiction pursuant to 28 U.S.C. §§ 1444 and 2410(a). The court also concluded that the $27,805 in Morales' possession at the time of his arrest was contraband, since it was derived from the sale of narcotics, and thus was forfeited to the County; that the money was not abandoned or unclaimed within the meaning of New Jersey law and therefore was not payable into the general municipal treasury; and that the federal tax lien, although proven to exist, did not attach to the $27,805 because that sum had been forfeited to the County.

Subsequently, the IRS filed a motion for the amendment of the district court's conclusions of law and for the entry of a new judgment. On May 19, 1977, the district court reversed its earlier decision on the merits, and ruled that the IRS' motion should be granted and a new judgment entered in its favor. The district court relied on *State of New Jersey v. Kaiser,* 476 F.2d 610 (3d Cir.), *cert. denied* 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 106 (1973), where the issue was said to be whether money discovered as a result of a search had been employed as an element of the offense for which the defendant was convicted and thus was forfeited to the county, or whether it may have been an accumulation of profits from some other act, criminal or otherwise. On the basis of *Kaiser,* the district court determined as a matter of law that the money found in the trunk was "not an instrumentality of the crime for which defendant Morales was arrested and convicted—possession of a controlled dangerous substance and possession of a controlled dangerous substance with an intent to dis-

pense." As a result, the court reasoned, the money must be awarded to the IRS pursuant to the tax lien, and the remainder of it returned to Morales.

A final judgment directing the Plaza National Bank to pay the sum of the lien to the IRS, and the remainder to Morales, was entered on June 27, 1977. From that judgment, Hudson County now appeals.

## II.

Before reaching the issue whether the district court erred in ascertaining that the money taken from Morales' vehicle was not forfeited to Hudson County and accordingly was subject to the federal tax lien, we must address the question whether the district court properly assumed jurisdiction over the action as a consequence of its removal to federal court.

The right to remove an action from state to federal court was unknown at common law and was not provided for in the federal Constitution, *see* C. Wright, *Law of Federal Courts,* § 38 (2d ed.). Rather, it depends upon the expression of the will of Congress as articulated in the various removal statutes, *see, e. g., Finn v. American Fire & Cas. Co.,* 207 F.2d 113, 115 (5th Cir. 1953), *cert. denied,* 347 U.S. 912, 74 S.Ct. 476, 98 L.Ed. 1069 (1954). The particular enactment relied upon in the present case, 28 U.S.C. § 1444, establishes that:

(a)ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.

Reference in § 1444 to § 2410 is significant since if an action against the United States falls outside the ambit of § 2410, the federal government may not be taken to have waived its sovereign immunity from suit. *Cf. Jacobs v. District Director of Internal Revenue,* 217 F.Supp. 104, 106 (S.D.N.Y.1963). Thus, § 2410, while it does not of itself confer jurisdiction on district courts, is the basis for finding a waiver of

sovereign immunity and consequently for allowing the action to go forward. *See Remis v. United States,* 273 F.2d 293, 294 (1st Cir. 1960).

Section 2410(a) provides that:

[u]nder the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to,

(2) to foreclose a mortgage or other lien upon,

(3) to partition,

(4) to condemn, or

(5) of interpleader or in the nature of interpleader with respect to,

real or personal property on which the United States has or claims a mortgage or other lien.

Accordingly, the issue regarding jurisdiction turns on whether the matter raised in the complaint comes within one of the categories listed in § 2410, and thereby concerns a subject as to which the United States has waived its sovereign immunity.

■ The two subsections of § 2410(a) that might apply to this action are those denominated (1) and (2), pertaining respectively to actions "to quiet title," or "to foreclose a mortgage or other lien," upon "real or personal property on which the United States has or claims a mortgage or other lien." However, we do not believe that the second heading, "to foreclose a mortgage or other lien," in fact has any applicability to this action, for Hudson County's complaint speaks of the County's alleged entitlement to the money because it has been *forfeited* to it. Nothing is said about the creation of a lien in favor of the county when the cash was seized in connection with an arrest and the lodging of charges for violating New Jersey's statute dealing with controlled dangerous substances. *Cf. Stapleton v. $2,438,110,* 454 F.2d 1210, 1219 (3d Cir.) (Adams, J., concurring), *cert. denied* 409 U.S. 894, 93 S.Ct. 111, 34 L.Ed.2d 151 (1972).

■ At oral argument, where the parties were requested to discuss the issue of jurisdiction, counsel for the IRS urged that jurisdiction properly may be assumed under that subsection of § 2410 dealing with actions to "quiet title" to personal property as to which the IRS has or claims a lien. The basis of this position is that the federal government was a named defendant in the complaint originally filed in state court, and it asserts a lien with respect to the funds that are the subject of the complaint. Further, plaintiff specifically seeks an order that the money belongs to Hudson County, and not to the federal government. Hence, says the IRS, the action should be treated as one to quiet title as to personal property with respect to which the federal government asserts a lien.

We agree with the IRS that *Aqua Bar & Lounge v. U. S. Dept. of Treasury,* 539 F.2d 935 (3d Cir. 1976), supports the view that there is federal jurisdiction in the present case. In *Aqua Bar,* a taxpayer whose restaurant liquor license had been seized and sold by the federal government for nonpayment of federal taxes brought an action against the United States and the purchaser of the license to have the seizure and sale declared null and void. This Court reversed the district court—which had found that there was no jurisdiction—on the ground that the action could be treated as one to quiet title to property regarding which the United States asserts a lien, and thus came within the scope of § 2410(a)(1). *See* 539 F.2d at 937–38. *Aqua Bar* stressed that even though the license was not real property but rather was personal property, that fact did not bar the assumption of jurisdiction, for "(a)lthough suits to quiet title have traditionally involved real property, this particular action is governed by federal rather than state law." *Id.* at 938. And the specific statute applicable, § 2410, "by its very terms" contemplates "actions to quiet title to personalty on which the United States has or claims a lien." *Id. See Yannicelli v. Nash,* 354 F.Supp. 143, 150 (D.N.J.1973); *cf. Little River Farms, Inc. v. United States,* 328 F.Supp. 476, 479 (D.N.Ga.1971).

In response, counsel for Hudson County noted that the federal government is not a party against which any specific relief is sought other than a declaration nullifying the claimed tax lien. However, that contention does not prevent the assumption of jurisdiction, for the complaint does explicitly challenge the validity of the government's tax lien, and thus impinges directly on an interest of the United States in the property in question—which is the sort of situation that § 2410 was designed to reach, *see Aqua Bar, supra.* Also, in light of the governing statute, there appears to be no reason for distinguishing between the type of personal property involved here, a sum of money in a bank, from other forms of personal property, such as a liquor license, for the language of the statute speaks of "personal property" as such and not of given forms of it. *Cf. Logan Planning Mill Co. v. Fidelity and Casualty Co. of N.Y.,* 212 F.Supp. 906, 913–14 (S.D.W.Va.1962). Consequently, we have concluded that the district court did have jurisdiction in the present case under §§ 1444 and 2410(a)(1).

■ In proceeding to the merits, we note that the doctrine of forfeiture, on which Hudson County relies, is that one should not be allowed to retain the fruits of a specific criminal act for which he has been convicted. *See State v. Sherry,* 46 N.J. 172, 215 A.2d 536, 538 (1965). Our task, then, is to determine whether the district court erred in concluding that there was insufficient evidence for holding that the money seized from Morales' vehicle at the time of his arrest was connected to the particular crime to which he pleaded guilty, namely, possession of a controlled dangerous substance with intent to dispense.

We do not believe that the district court committed reversible error in this regard. Although the record includes statements about Morales' narcotics activities, there was no proof adduced to link the funds seized with any given narcotics violation. Indeed, one of the officers who testified noted that the transaction which aroused the suspicion leading to the investigation and arrest in the first place turned out to be a conversation between Morales and his landlord, and had no demonstrated relationship with any dealings in narcotics. No witness was able to identify a single transgression with which the money seized was connected, or from which it was derived. *Cf. State of New Jersey v. Kaiser,* 476 F.2d 610 (3d Cir.), *cert. denied* 414 U.S. 856, 94 S.Ct. 158, 38 L.Ed.2d 106 (1973).

Thus, we hold that the district court did not err in its determination that the money in question should not be forfeited to Hudson County, and that instead it is subject to the outstanding federal tax lien. The order of the district court will be affirmed.