**COMMONWEALTH of PENNSYLVANIA**

v.

**Annette PETITO.**

**Civ. A. No. 79–1970.**

United States District Court, E. D. Pennsylvania.

Sept. 17, 1979.

Antoinette Serritella, Asst. U.S. Atty., Philadelphia, Pa., for plaintiff.

W. Hamlin Neely, Allentown, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

During a November 1974 drug raid the Pennsylvania State Police, executing a search warrant, searched premises leased to and occupied by defendant and seized almost three thousand dollars in United States currency. The Internal Revenue Service (IRS) thereafter issued a levy on the money, which police records designated as the property of one Phillip Arthur Snyder. Defendant, claiming that the funds belonged to her, not Snyder, petitioned the Court of Common Pleas of Lehigh County for return of the money. The court issued a Rule directing the District Attorney of Lehigh County, Snyder and the United States Treasury Department to show cause why the money should not be returned to defendant. One day after service of the Rule the IRS filed a petition for removal to this Court. Defendant now moves to remand so that the state court may determine the rightful ownership of the seized property.

IRS predicates removal on the tandem operation of 28 U.S.C. § 1444 and 28 U.S.C. § 2410(a)(1), which provide, respectively, that

> (a)ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.

Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter to quiet title to . . . real or personal property on which the United States has or claims a mortgage or other lien.

Although defendant does not specifically seek to quiet title to the property, the clear intention of her petition to the Court of Common Pleas is to remove the cloud of the IRS levy from her alleged title. In *Hudson County Board v. Morales*, 581 F.2d 379 (3d Cir. 1978), police seized from defendant's car a substantial amount of cash upon which the IRS issued a levy to satisfy federal income taxes claimed from defendant. The County then filed a complaint seeking to declare the levy invalid. Acting for the IRS, the United States Attorney filed a petition for removal to federal court, which assumed jurisdiction. Affirming, the Third Circuit explained that

> the complaint . . . explicitly challenge(s) the validity of the government's tax lien, and thus impinges directly on an interest of the United States in the property in question—which is the sort of situation that § 2410 was designed to reach.

*Id.* at 384. See also *Aqua Bar & Lounge v. United States Department of Treasury*, 539 F.2d 935 (3d Cir. 1976). In the case at bar defendant denies a direct attack upon the federal lien,[1] but admits that "the validity

---

1. Defendant cites *People of California v. Bozarth*, 356 F.Supp. 667 (N.D.Cal. 1973) and *New Jersey v. Moriarity*, 268 F.Supp. 546 (D.N.J. 1967), in both of which the government sought removal under 28 U.S.C. § 1442, which provides "for removal of civil actions or criminal prosecutions commenced in a State court against any Federal officer acting under color of title or against a person deriving title to property from any such officer. The Congres-

of the Federal lien may well depend upon the State Court's finding as to the ownership of the monies". Defendant's brief at 2. There is no difference, however, between Morales' explicit and defendant's implicit challenge to the government's tax lien. Accordingly, defendant's motion to remand will be denied.

sional intent behind this section was that suits against United States government officers for acts done within the scope of their authority should be tried only in the courts of the United States." *People of California v. Bozarth, supra* at 668. Defendant admits that these proceedings are "not a direct action against the United States Government, an agency . . . or an employee of the . . . government". Defendant's Motion to Remand. Therefore, the cited cases are irrelevant to the propriety of removal under 28 U.S.C. §§ 2410(a)(1) and 1444.