**Bruce DeREWAL, Manfred DeRewal, Jr., Deborah DeRewal, Jennifer Shaak, Pamela Loeffler and Denise DeRewal**

v.

**The UNITED STATES of America.**

**Civ. A. No. 79–3895.**

United States District Court, E.D. Pennsylvania.

Sept. 30, 1983.

Jonathan D. Dunn, Pennsburg, Pa., L. Gerald Rigby, Steven T. Stern, Braemer & Kennedy, Philadelphia, Pa., for plaintiffs.

Mark G. Gellar, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM OF DECISION

SHAPIRO, District Judge.

Plaintiffs, beneficiaries of a Trust that conveyed all its shares to a corporation in return for real estate entitled in the name of the corporation, brought this equity action in the Court of Common Pleas of Bucks County to restrain Internal Revenue Service Officer Crawford from obtaining possession of the property in his capacity as sole director of the corporation, R.E.D., Inc. Defendant Crawford removed the action to federal court by stipulation without waiving the objection of the Internal Revenue Service (IRS) to the jurisdiction of the removal court. Plaintiffs claim the IRS attempted to deny R.E.D., Inc. its rights guaranteed by the Internal Revenue Code and by the Due Process Clause. Plaintiffs further claim that the IRS, unless enjoined, will be permitted to subvert the Code by denying R.E.D., Inc. the right to litigate in the Tax Court. Plaintiffs also question whether the IRS had a right to make a jeopardy transferee assessment against the Trust, whether the IRS' actions are authorized by law, and if so, whether the IRS followed the required procedures. Following a non-jury trial on stipulated facts and documentary evidence, the Court makes the

following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. In 1975 the Commissioner of the Internal Revenue Service issued to Manfred and Jennie DeRewal a notice of deficiency in income tax for the year 1969 of $91,273.90 and additions in tax of $30,208.89 in the total sum of $121,482.79.

2. On May 5, 1975, Manfred and Jennie DeRewal timely petitioned the Tax Court (Docket No. 3839–75) for a redetermination.

3. On December 17, 1975, Manfred and Jennie DeRewal executed a document, denominated "Declaration and Deed of Trust," naming themselves as Trustees for Deborah DeRewal, Jennifer Shaak, Pamela Loeffler, Denise DeRewal, Bruce DeRewal and Manfred DeRewal, Jr., who were all the natural children of Manfred DeRewal, Sr. and Jennie DeRewal.

4. On December 17, 1975, three of the children formed a Pennsylvania corporation, R.E.D., Inc.

5. Following the incorporation of R.E.D., Inc., the Board of Directors met and accepted offers of Manfred and Jennie DeRewal to transfer legal title to 34.672 acres of land located in Bedminster Township, Bucks County, Pennsylvania to R.E.D., Inc. in exchange for the issuance of all the authorized shares of the corporation to them in their capacity as Trustees of the Trust.

6. Mrs. DeRewal and some of the children live in a house located on the land transferred to R.E.D., Inc.

7. Following said Board of Directors meeting, the President and Secretary of the corporation caused all the authorized stock of R.E.D., Inc. to be issued to Manfred and Jennie DeRewal as Trustees for their children under Deed of Trust dated December 17, 1975.

8. By deed dated January 16, 1976, Manfred and Jennie DeRewal transferred the legal title to their property to R.E.D., Inc.

9. On January 29, 1976, the United States Tax Court, in Tax Court Docket No. 3839–75, entered a stipulated Decision against Manfred DeRewal and Jennie DeRewal for income tax for the year 1969 and additions to tax in the total amount of $121,482.79.

10. Following the above Decision, an assessment was made against Manfred and Jennie DeRewal on February 27, 1976 in the total amount of $121,482.79, plus statutory interest.

11. On February 27, 1976, a Notice and Demand for Payment was sent by the Internal Revenue Service to Manfred and Jennie DeRewal. To date, no payment has been received on said liability.

12. On December 10, 1976, the Internal Revenue Service made a Jeopardy Transferee Assessment against R.E.D., Inc., for the tax liability of Manfred and Jennie DeRewal for the 1969 tax year.

13. On January 13, 1977, the Internal Revenue Service issued a Notice of Liability to R.E.D., Inc. in the amount of the Jeopardy Transferee Assessment.

14. Within the ninety (90) day statutory period provided for in Internal Revenue Code § 6213(a), R.E.D., Inc. filed a Petition in the Tax Court of the United States, docketed as No. 3656–77.

15. On June 27, 1977, the Internal Revenue Service made a Jeopardy Transferee Assessment against Manfred and Jennie DeRewal in their capacity as Trustees under the Deed of Trust dated December 17, 1975 for the tax liability of Manfred and Jennie DeRewal for the 1969 tax year.

16. On June 27, 1977, Internal Revenue Service Officer William Crawford personally handed a notice of the Jeopardy Transferee Assessment made against Manfred and Jennie DeRewal in their capacities as Trustees under the Deed of Trust dated December 17, 1975 to Mrs. Jennie DeRewal at R.D. # 2, Perkasie, PA 18944.

17. At the time of the assessment, Manfred and Jennie DeRewal were separated. The DeRewals did not notify the IRS that they had separate residences, nor did

the IRS have reason to know of the separation. Therefore, the service of the notice of the Jeopardy Transferee Assessment on Mrs. DeRewal at her home was valid as to Mr. DeRewal as well.

18. When delivering the Notice of Jeopardy Transferee Assessment, Mr. Crawford also personally delivered to Mrs. Jennie DeRewal a Notice of the Statement of Taxes Due.

19. Neither Manfred nor Jennie DeRewal, in their capacity as Trustees, exercised any of the rights of appeal accorded to them under Internal Revenue Code § 7429 (26 U.S.C. § 7429).

19A. On August 12, 1977, the Internal Revenue Service issued and mailed a Notice of Liability to Manfred and Jennie DeRewal as Trustees under Deed of Trust dated December 17, 1975.

20. Manfred and Jennie DeRewal in their capacity as Trustees under the Declaration and Deed of Trust dated December 17, 1975 did not file a Petition with the Tax Court contesting the liability of the Trust as transferee of Manfred and Jennie DeRewal.

21. Manfred and Jennie DeRewal in their capacity as Trustees did not pay the transferee tax liability within ten (10) days after notice and demand.

22. On or about May 24, 1978, a Notice of Levy and Notice of Seizure were served on Jonathan Dunn, Esquire, counsel for the Trustees.

23. Jonathan Dunn tendered to the Internal Revenue Service the Minute Book and Stock Transfer Book of R.E.D., Inc., together with Share Certificates evidencing the issuance of 2,000 shares of the common stock of the corporation to Manfred DeRewal and Jennie DeRewal as Trustees of the Declaration and Deed of Trust dated December 17, 1975.

24. The said 2,000 shares of common stock of R.E.D., Inc. represented all of the assets of the Trust.

25. The said 2,000 shares of common stock of R.E.D., Inc. represented the entire outstanding shares issued by R.E.D., Inc.

26. On July 12, 1978, William B. Crawford, Revenue Officer, executed a Notice of Sealed Bid Sale which described the terms and conditions of the proposed sale of the property.

27. On January 12, 1979, James D. Rideoutte, District Director, Internal Revenue Service, Philadelphia, Pennsylvania executed the Action of Shareholders of R.E.D., Inc. which removed Manfred and Jennie DeRewal from their positions as members of the Board of Directors and elected William Crawford as sole director of R.E.D., Inc.

28. On February 2, 1979, William Crawford executed the Action of Board of Directors of R.E.D., Inc. removing all corporate officers of R.E.D., Inc. and authorizing Crawford to take any action necessary to settle the corporation's controversy in the United States Tax Court, No. 3656–77.

29. On February 2, 1979, William Crawford sent letters advising Manfred and Jennie DeRewal, Deborah DeRewal, Bruce DeRewal, Jennifer Shaak, Manfred DeRewal, Jr., and Pamela Loeffler of their removal as officers of R.E.D., Inc.

30. On February 2, 1979, William Crawford forwarded a letter entitled "Notice to Quit" to Manfred and Jennie DeRewal and demanded that they remove themselves and their belongings from the premises.

31. On March 13, 1979, the United States through its duly authorized agent commenced an Action in Ejectment in state court seeking possession of the 34.672 acres together with improvements thereon.

32. On July 30, 1979, C. Moxley Featherston, Tax Court Judge, entered a Decision against R.E.D., Inc. in Tax Court Docket No. 3656–77 pursuant to a Stipulation, dated July 25, 1979, signed by William Crawford on behalf of R.E.D., Inc.

## DISCUSSION

Removal jurisdiction is derivative; if the state court lacked jurisdiction, the federal court acquires none. *Lambert Run Coal Co. v. Baltimore & Ohio R. Co.,* 258

U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671 (1922); *Gleason v. United States,* 458 F.2d 171 (3d Cir.1972); *Stapleton v. $2,438,110,* 454 F.2d 1210 (3d Cir.1972); IA MOORE, FEDERAL PRACTICE ¶ 0.157[3] (2d Ed.1983). This is so even though the federal court might have had jurisdiction over the action had it first been brought in the federal system. *Id.* The Government originally removed the action under 28 U.S.C. § 1442, which provides in pertinent part:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any person acting under him, for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue...

At the time plaintiffs filed their state court action they had incorrectly named an officer of the IRS as defendant. Had the United States, the proper party defendant, been named originally there would have been removal jurisdiction not under § 1442 but under § 1444. 28 U.S.C. § 1444 provides:

[a]ny action brought under section 2410 of this title against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.

This court permitted the plaintiffs to amend their pleadings and substitute the

United States for the original defendant because the issue of jurisdiction must be considered as if the United States were in fact the defendant. But we acquire no jurisdiction of this action by virtue of the Government's removal unless the state court had original jurisdiction.[1]

■ The United States, as sovereign, may not be sued in any court, state or federal, without its consent. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *Rosario v. American Export-Isbrandtsen Lines, Inc.,* 531 F.2d 1227, 1230–31 (3d Cir.1976); *Hahn v. United States,* 493 F.Supp. 57, 60 (M.D. Pa.1980). The plaintiffs assert that the required waiver of sovereign immunity is found in 28 U.S.C. § 2410(a)(1):

(a) ...

The United States may be named as party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—

(1) to quiet title to,

.        .        .        .        .

real or personal property on which the United States has or claims a mortgage or other lien.

The plaintiffs contend that their suit is one to quiet title to property on which the United States has a lien. If so, the state court had jurisdiction under § 2410 and this court has jurisdiction by the Government's removal under § 1444. The IRS maintains that this action is one of wrongful levy and could only have been filed in federal district court under 26 U.S.C. § 7426(a).[2] It contends that the state court had no jurisdiction and because removal jurisdiction is derivative in nature this court has no jurisdiction.[3]

---

**1.** Removal by the Government does not constitute either consent to be sued in federal court or a waiver of any objection it may have to the jurisdiction of the removal court. *Stapleton, supra,* at 1217–18.

**2.** 26 U.S.C. § 7426 states in relevant part that "[i]f a levy has been made on property or property has been sold pursuant to a levy, any person ... who claims an interest in or lien on such property and that such property has been

wrongfully levied upon may bring a civil action against the United States in a district court of the United States."

**3.** The defendant also claims that the state court could not have had jurisdiction because Pennsylvania law only recognizes an action to quiet title to real property, as opposed to personal property, and personal property (2,000 shares of stock) is here involved. But these shares create ownership in the realty and the realty is

The issue regarding jurisdiction is determined by whether the matter raised in the complaint is an action to quiet title to property as to which the IRS has or claims a lien. We find the facts before us are similar to those in *Aqua Bar & Lounge v. United States Dept. of Treasury,* 539 F.2d 935 (3d Cir.1976) and *Hudson County Board of Chosen Freeholders v. Morales,* 581 F.2d 379 (3d Cir.1978). The plaintiffs have in effect brought an action to quiet title within the jurisdictional grant of § 2410.

In *Aqua Bar,* a taxpayer whose liquor license had been seized and sold by the IRS for non-payment of federal taxes brought an action against the United States and the purchaser of the license to have the seizure and sale declared null and void and to enjoin the transfer of the license. The Court of Appeals reversed the District Court's holding there was no jurisdiction on the ground that the action could be treated as one to quiet title to property on which the United States had asserted a lien. Because "both the tax lien by the government and the sale of the license . . . , if indeed invalid, would cast clouds on the title to the license," the court found "[a]n action to quiet title . . . [to be] the proper method of removing such clouds on title." 539 F.2d at 937–38. The court held § 2410 an appropriate vehicle by which to challenge the validity of a federal tax lien and sale so long as the taxpayer was not contesting the merits of the underlying tax assessment in that proceeding.

In *Hudson County,* the IRS had issued a tax levy on money the police seized from the defendant. The County thereafter filed a state court complaint seeking to invalidate the tax lien and to have the money paid to it. The United States petitioned for removal under §§ 1444 and 2410(a)(1). In affirming the jurisdiction of the District Court, the Court of Appeals, relying on *Aqua Bar,* held that the action could be treated as one to quiet title to personal property under § 2410 even though not so captioned. The Court explained that:

> the complaint . . . explicitly challenge(s) the validity of the government's tax lien, and thus impinges directly on an interest of the United States in the property in question—which is the sort of situation that § 2410 was designed to reach.

581 F.2d at 384. *See also, Commonwealth of Pennsylvania v. Petito,* 476 F.Supp. 384 (E.D.Pa.1979).

In this case, the plaintiffs request that the Government be ordered to cease and desist from asserting any ownership or interest in R.E.D., Inc., that the Government be ordered to discontinue its action to eject the plaintiffs from the Bucks County property and that R.E.D., Inc.'s stock certificates be returned to the plaintiffs. Although the plaintiffs do not specifically seek to quiet title to property, the clear intention of their complaint is to remove the cloud of the IRS levy from their title. The right to control property free of the Government's lien underlies all the relief sought by the plaintiffs. Moreover, plaintiffs do not contest the merits of the underlying tax assessment itself. They do not request a determination that the assessment of tax delinquencies against Manfred and Jennie DeRewal was incorrect and that no taxes are due in this proceeding. Rather they challenge on behalf of trust beneficiaries the validity of the procedures by which the right to possession of the property is asserted against the taxpayers as Trustees. The relief requested is that the IRS be ordered to withdraw its consent to judgment against R.E.D., Inc. in the Tax Court so that the liability of the Trust for the

---

the only corporate asset so that the action is to quiet title to real property. Even if it were an action to quiet title to personal property, § 2410(a)(1) explicitly provides that the United States consents to suit in actions to quiet title for real or personal property (thus such actions are removable under § 1444). On this record it is unnecessary to determine if this is only in a state court that would otherwise entertain an

action to quiet title for personal property and whether Pennsylvania is such a jurisdiction. *See* WRIGHT, FEDERAL COURTS 171–74 (2d ed. 1970). Although Pennsylvania has codified the procedures for bringing an action to quiet title to land, Pa.R.C.P. No. 1061, 42 Pa.C.S.A., the state courts have not yet determined whether one is thus excluded from bringing an equity action to quiet title to personalty.

underlying tax liability can be litigated there. In these circumstances, we have jurisdiction under 28 U.S.C. §§ 1444 and 2410(a)(1).[4]

## MERITS

Plaintiffs claim that they will be denied due process of law if relief is not granted because the IRS' consent to entry of judgment against R.E.D., Inc., improperly terminated R.E.D.'s appeal of the jeopardy transferee assessment in the Tax Court and denied them the opportunity to question the validity of the initial jeopardy transferee assessment.[5] But the plaintiffs did have the opportunity to question the jeopardy transferee assessment and did not exercise their rights to do so. The IRS made an initial jeopardy transferee assessment against R.E.D., Inc. on December 10, 1976. R.E.D., Inc. filed a petition in Tax Court as provided for in 26 U.S.C. § 6213(a). The Government then made another jeopardy transferee assessment against the Trustees of the Trust on June 27, 1977. The Trustees never exercised their right to appeal under 26 U.S.C. § 7429. Nor did the Trustees file a petition in the Tax Court to contest the trust liability after notice was served on them. Plaintiffs have not been denied an opportunity to litigate the Trust's right to the shares of R.E.D., Inc. as they assert. The sole asset of the Trust was 2,000 shares of R.E.D., Inc.; the trust beneficiaries were also the officers of R.E.D., Inc. which appealed to the Tax Court following the initial jeopardy transfer assessment. The IRS did not, and could not, consent to the entry of judgment against R.E.D., Inc. until the Trustees failed to appeal the jeopardy transferee assessment against the Trust. The court was only then able to seize and sell the 2,000 shares of R.E.D., Inc. which were the sole asset of the Trust. The shares were acquired by the Government for lack of another suitable purchaser.

The identity of trust beneficiaries and former officers of R.E.D., Inc. precludes plaintiffs from arguing that they have been denied their day in court. The plaintiffs could have attempted to prevent the seizure and sale of the R.E.D., Inc. corporate shares by appealing the jeopardy transfer assessment against the Trust. They chose not to do so. When the Government thereafter became sole owner of the stock, it was reasonable, foreseeable and legal for it to consent to judgment against R.E.D., Inc. The plaintiffs did have the opportunity to litigate the validity of the Government's levy on their property. Their other claims for relief are likewise too late. The plaintiffs' request for relief is without merit and judgment will be entered for the defendant.[6]

## CONCLUSIONS OF LAW

1. The court has jurisdiction over the parties and the subject matter in this case, removed from state court pursuant to 28 U.S.C. § 1444, because the Common Pleas Court of Bucks County had jurisdiction of the action filed by the plaintiffs in a court of the Commonwealth of Pennsylvania.

2. Plaintiffs have not been deprived of and will not be deprived of property with-

---

**4.** The Anti-Injunction Act, 26 U.S.C. § 7421, does not prohibit attacks on a federal tax lien and sale under § 2410 if the complainant is not contesting the merits of the underlying tax assessment. *Aqua Bar,* supra, at 940. *See also, United States v. Coson,* 286 F.2d 453, 458–59 (9th Cir.1961).

**5.** They also claim that the IRS failed to send proper notice of assessment to the last known address of one of the Trustees in violation of due process of law. There is no basis for this on the record and the court finds to the contrary. See, Findings of Fact Number 17.

**6.** The Government filed a Statement of Application of Proceeds of Sale to explain the disposition of the proceeds of the property. If the property sells for an amount equal to Manfred and Jennie DeRewal's tax liability, the Government has stated that such amount will be credited to their underlying tax liability. To the extent that the property sells for less than such tax liability, the DeRewals would continue to be obligated for the amount still owing. If the sale of the property brings more money than the DeRewal's tax liability, the excess proceeds would inure to the benefit of the present owner, R.E.D., Inc., with no credit or refund made to the DeRewals.

out due process of law under the Constitution of the United States.

3. Plaintiffs have not been deprived of any substantive or procedural rights under any statute of the United States.

4. Plaintiffs are not entitled to judgment in their favor and judgment will be entered in favor of the defendant.