**Ruby L. BAILEY, Plaintiff,**

v.

**John O. MARSH, Secretary of the Army, Defendant.**

**Civ. A. No. 86–K–1170.**

United States District Court, D. Colorado.

March 16, 1987.

Valerie McNaughton, Denver, Colo., for plaintiff.

Dahil D. Goss, Asst. U.S. Atty., Denver, Colo., for defendant.

## ORDER OF DISMISSAL

KANE, District Judge.

This civil rights case originated on April 26, 1986, in the District Court for the City and County of Denver. It was removed to federal court by defendant on June 10, 1986, pursuant to 28 U.S.C. § 1442(a). This matter is now before me on defendant's motion to dismiss, or, in the alternative, for summary judgment. Jurisdiction is based on 42 U.S.C. § 2000e *et. seq.* al-

though defendant maintains there is no subject matter jurisdiction.

## I.

### BACKGROUND

Ruby L. Bailey was employed as a medical clerk by the Department of the Army at Fitzsimmons Army Medical Center from August 27, 1978, until October 26, 1983. At various times throughout her employment, she was subjected to suspensions for alleged misconduct. The complaints of misconduct ranged from insubordination to poor work performance. On October 26, 1983, her employment was finally terminated.

Plaintiff is a black, female, United States citizen. She claims she was treated unfairly and finally removed from her job because of her race. She specifically claims the following: (1) She was treated differently and less favorably with regard to discipline and other terms and conditions of her employment than the treatment accorded to similarly situated white employees (2) She was denied the benefits of training given to similarly situated white employees; (3) She was denied objective evaluations of her work performance; (4) Defendant failed to provide her with the protection of certain procedures set out in the employee contract for discipline and termination of employees; (5) Defendant held her to a higher standard of performance than similarly situated white employees; (6) Defendant terminated her on the basis of her race despite her qualifications and competence; (7) Defendant breached the employment contract; and, finally, (8) Defendant deliberately humiliated and insulted plaintiff before her co-workers.

Plaintiff has asserted three claims for relief: (1) Violation of the Colorado Civil Rights Act; (2) Breach of the employment contract; and, (3) Outrageous conduct. All her claims are based on allegations of racial discrimination occurring during her federal civilian employment.

## II.

### DEFENDANT'S MOTION TO DISMISS

Defendant does not dispute plaintiff's alleged facts nor directly address plaintiff's substantive claims. Instead, defendant asserts plaintiff's claims should be dismissed on the procedural ground that there is no subject matter jurisdiction. Defendant sets forth three arguments of why there is no subject matter jurisdiction: (A) Plaintiff cannot sue under the Civil Service Reform Act (CSRA), the Federal Tort Claims Act (FTCA), or Title VII of the Civil Rights Act of 1964, thus, there is no waiver of sovereign immunity which is necessary to establish subject matter jurisdiction when the United States is a party defendant; (B) Even if plaintiff could sue pursuant to a waiver of sovereign immunity, her claims are barred by previous settlement agreements and untimely filings; and (C) The court lacks subject matter jurisdiction because plaintiff has failed to name the head of the agency, John O. Marsh, Jr., Secretary of the Army, as the defendant.

On February 17, 1987, I granted plaintiff's motion to amend her complaint. Accordingly, plaintiff has substituted John O. Marsh, Jr., Secretary of the Army, for the "Department of the Army" as the party defendant. Thus, Part C of defendant's argument for dismissal based on the failure to name the head of an agency is now moot.[1] Also, I allowed plaintiff to substitute a claim under Title VII of the Civil Rights Act of 1964 for the claim under the Colorado Civil Rights Act, Colo.Rev.Stat. § 24–34–402, et seq. (1973). Accordingly, her first claim for relief is made pursuant to Title VII, not the the Colorado Civil Rights Act. Plaintiff originally based her claim on the Colorado Civil Rights Act instead of Title VII because she filed in state court. Again, defendant removed the action to federal court *after* plaintiff filed.

---

1. *See Cosgrove v. Bolger,* 775 F.2d 1078 (9th Cir.1985); *Jarrell v. United States Postal Service,* 753 F.2d 1088 (D.C.Cir.1985); *Eggleston v. Chicago Journeymen Plumbers' Local Union No.*

*130,* 657 F.2d 890 (7th Cir.1981), *cert. denied,* 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982).

I allowed plaintiff to amend her complaint pursuant to Rule 15, Fed.R.Civ. Proc.[2]

## III.

## SUBJECT MATTER JURISDICTION

A. *The First Claim for Relief: Title VII.*

The United States and its agencies cannot be sued unless there is a waiver of sovereign immunity conferring subject matter jurisdiction. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed.2d 1058 (1941) (the United States, as sovereign, is immune from suit unless it consents to be sued). Now that plaintiff is suing pursuant to Title VII, and has named the proper party defendant, sovereign immunity has been waived. On Page 2 of defendant's brief, it is admitted that Title VII serves as a waiver of sovereign immunity and thus properly confers subject matter jurisdiction.

> "Title VII is plaintiff's exclusive remedy against the government in federal employment discrimination cases. In *Brown v. General Services Administration,* 425 U.S. 820[, 96 S.Ct. 1961, 48 L.Ed.2d 402] (1976) ... the Court held that when the federal government is the employer, Congress intended Title VII to be *'exclusive and preemptive'* as demonstrated by the 'balance, completeness, and integrity' of the Act. 425 U.S. 829–32 [96 S.Ct. at 1966–67]." (emphasis added).

Defendant's brief at 4.

■ Although subject matter jurisdiction may be conferred by a waiver of sovereign immunity pursuant to Title VII, plaintiff has yet to establish proper subject matter jurisdiction in this case.

> It is frequently said that jurisdiction on removal is derivative, and that if the state court had no jurisdiction, the federal court acquires none, and cannot even remand, but must dismiss for want of jurisdiction. [citations omitted]. This doctrine may be justifiable conceptually,

but the results to which it leads are often absurd ... *If it is determined that the case was one over which the federal courts have exclusive jurisdiction, the federal court, remarkably enough, cannot hear the case. It must dismiss a case falling within its exclusive jurisdiction because the court from which the case was removed had no jurisdiction.* (emphasis added).

Charles Alan Wright, *The Law of Federal Courts,* 212 (4th ed., 1983).

The Tenth Circuit established this rule long ago in *Martinez v. Seaton,* 285 F.2d 587 (10th Cir.) *cert. denied,* 366 U.S. 946, 81 S.Ct. 1677, 6 L.Ed.2d 856 (1961). In *Martinez,* the plaintiff originated an action in state court for tort damages based on her alleged wrongful discharge from the Southern Ute Indian Tribe. She sued both the Tribe and Fred A. Seaton, the acting Secretary of the Interior of the United States. The action was removed to federal court pursuant to 28 U.S.C.A. § 1442 because, as in the instant case, it was an action against an officer of the United States.

The Tenth Circuit dismissed the case because the tort complained of was *within the exclusive jurisdiction of the federal court, thus rendering a lack of jurisdiction in the state court.* Since all jurisdiction in removal cases is derived from the state court, and because no state court could hear a claim pursuant to a federal statute, the federal court had no subject matter jurisdiction.

> [T]his matter originated in state court and sounds in tort. [Although] the action does not purport to be based upon the Tort Claims Act, 28 U.S.C.A. § 1402, [it] obviously would not be strengthened if such a theory could be read into the complaint. *State courts do not have jurisdiction of claims under the Act [because the FTCA is within the exclusive jurisdiction of a federal court] and jurisdiction is not obtained by removal*

---

**2.** Rule 15, Fed.R.Civ.Proc., states in pertinent part:

... [A] party may amend his pleading only by leave of court or by written consent of the

adverse party; *and leave shall be freely given when justice so requires.* (emphasis added).

*even though the action might properly originate in federal court.* 28 U.S.C.A. § 1346; *Lambert Run Coal Co. v. Baltimore and Ohio R. Co.*, 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671. (emphasis added).

*Martinez*, at 589. *Accord General Inv. Co. v. Lake Shore & M.S.R. Co.*, 260 U.S. 261, 43 S.Ct. 106, 67 L.Ed. 244 (1922) (A want of jurisdiction in a state court over the subject matter of a case is not cured by removal to federal court); *Freeman v. Bee Machine Co.*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943) ("Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none, although in a like suit originally brought in federal court, it would have had jurisdiction").

Thus, plaintiff's Title VII claim must be dismissed. As plaintiff admits when she explains why she did not file under Title VII in state court, "federal courts have exclusive jurisdiction over Title VII claims, therefore *reliance on Title VII would have subjected plaintiff to dismissal in state court.*" (emphasis added). Plaintiff's brief at 2. Accordingly, I have no jurisdiction because all jurisdiction in a removal case flows from the state court.

This was a Title VII claim which originally should have been brought in federal court. Plaintiff attempted to use "artful pleading" to avoid removal jurisdiction. Such is prohibited by *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n. 2, 101 S.Ct. 2424, 2427 n. 2, 69 L.Ed.2d 103 (1981). Because plaintiff has missed the thirty-day filing deadline within which to file a Title VII action in federal court, she may not refile.[3]

B. *The Second and Third Claims for Relief: Breach of Contract and Outrageous Conduct.*

 Plaintiff's second claim for relief fails to state a claim upon which relief can

be granted. The allegation that plaintiff wrongfully "suffered the loss of employment" in a breach of contract does not state a cognizable claim because the federal employment relationship is governed by statute not contract. Even if plaintiff could state a contractual claim, she would deprive this court of subject matter jurisdiction over that cause of action because she is seeking contractual damages in excess of ten thousand dollars. Claims for non-tort damages of such an amount are within the exclusive jurisdiction of the United States Court of Claims. 28 U.S.C.A. § 1491 (Claims Court Jurisdiction); *Richardson v. Morris*, 409 U.S. 464, 93 S.Ct. 629, 34 L.Ed.2d 647 (1973).

 Plaintiff's third claim for relief for outrageous conduct is nothing more than a claim of "retaliation" which is exclusively covered by Title VII. The claim must be dismissed for lack of subject matter jurisdiction.

IT IS THEREFORE ORDERED THAT:

1. Defendant's motion to dismiss is granted.
2. All other issues raised in defendant's motion to dismiss are moot.

**3.** 42 U.S.C. § 2000e–16(c) in pertinent part provides:

Within thirty days of receipt of notice of final action taken by a department, agency, [etc.] ... upon an appeal from a decision or order of such department, agency, [etc.] ... [the aggrieved party] may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency or unit, as appropriate, shall be the defendant.