Brian MAUS, Plaintiff,

v.

The Hon. Thomas J. CURRAN, Karen Smith, James Jansen, Ralph Uttke, David Steger, Dale Lenzer, James Kolpack, Ben Baker, Brad Hendricks, Gary Hetto, Keth Soboda, Gary P. Gunderson, Raymond Huber, Robert Rusch, Glen Cushing, John Doe, William Gausner, Robert Selk, P.J. Crane, James E. Doyle, Rand Krueger, Thomas Balistreri, Elsa Greene, Mary Ahlstorm, Gerald Sternberg, Vicki Adamski, Robert Kennedy, Defendants.

No. 96–C–0684.

United States District Court, E.D. Wisconsin.

Nov. 12, 1996.

Brian A. Maus, Black River Falls, WI, pro se.

Richard A. Perkins, Wisconsin Dept of Justice, Office of Attorney General, Madison, WI, John W. Saari, Rodd, Mouw & Saari,

Rhinelander, WI, James O. Moermond, III, Eckert & Stingl Law Office, Rhinelander, WI, Charles A. Guadagnino, United States Dept of Justice, Office of U.S. Attorney, Milwaukee, WI, Mark P. Wendorff, Peter L. Hessert, Keith F. Ellison, Patterson, Richards, Hessert, Wendorff & Ellison, Wausau, WI, Robert A. Kennedy, Jr., Kennedy Law Offices, Crandon, WI, for Defendants.

## DECISION AND ORDER

RANDA, District Judge.

This matter comes before the Court on the motion of the Hon. Thomas J. Curran (hereinafter "Judge Curran"), for dismissal of the plaintiff's claims against him. For the reasons discussed below, Judge Curran's motion is granted and the case is remanded to the Wisconsin state court whence it came via removal.

### I.

Plaintiff pro se Brian Maus (hereinafter "Maus"), brought this action in the Wisconsin Circuit Court for Lincoln County, seeking redress pursuant to 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. Shortly after the filing of the complaint, there was a change in venue to the Circuit Court for Langlade County. Maus' lawsuit comes in the wake of a 1991 state criminal conviction for which he is now serving a prison term. Maus has tried without success to have the conviction overturned via appeal and via (state and federal) habeas corpus petitions. The last of these events was a denial of federal habeas relief by Judge Curran—issued on the grounds that Maus had not exhausted all available state remedies—followed in turn by a denial (also by Judge Curran) of Maus' request to proceed *in forma pauperis* on appeal from the denial of relief. *See, Brian Maus v. Warden of the Green Bay Correctional Institution,* 95-C-11, Decision and Order, p. 2 (E.D.Wis. January 31, 1995); *id.,* Order Denying Leave to Proceed In Forma Pauperis On Appeal, p. 2 (April 10, 1995). Appeal from these orders is now pending in the United States Court of Appeals for the Seventh Circuit.

In the present case, Maus alleges that the *dramatis personae* involved in his conviction and imprisonment, the judges who declined to rule in his favor when he appealed the conviction and sought habeas corpus relief, and the lawyers who represented him at various stages of these proceedings, have all conspired to deny him his rights. When Judge Curran issued the above-mentioned orders, Maus amended his § 1983 complaint in state court by adding Judge Curran as a defendant and alleging that Judge Curran is part of the supposed conspiracy. Judge Curran, represented by the U.S. Attorney, filed a timely notice of removal to federal court pursuant to 28 U.S.C. § 1442, and now moves the Court to dismiss the plaintiff's claims as to him.

### II.

Maus' amended complaint appears to lack factual allegations sufficient to defeat summary judgment on his claim against Judge Curran. It would, moreover, seem an uphill—perhaps impossible—climb for a § 1983 plaintiff plausibly to allege that a federal judge has acted "under color of state law," as is required for relief under that statute. No matter, for it is clear above all else that Maus' allegations against Judge Curran arise solely from acts performed in the latter's judicial capacity. For this reason, as elaborated below, Maus' complaint must be dismissed as to Judge Curran.

Maus seeks to hold Judge Curran personally liable for his part in the alleged conspiracy. A Judge, however, may not be held personally liable in civil actions for his judicial acts, even if the judge acts maliciously, in error, or in excess of his authority. *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104–05, 55 L.Ed.2d 331 (1978). There is but one exception to this rule of absolute judicial immunity, applicable only where a judge has acted in the clear absence of all jurisdiction. *Id.* This exception does not apply to the instant case, for Judge Curran clearly had jurisdiction to hear and deny both Maus' habeas corpus petition and his ensuing request to proceed as a pauper on appeal. 42 U.S.C. § 2254; 28 U.S.C. § 1915(a).

Maus evidently thinks Judge Curran acted maliciously toward him. That issue will be decided in his pending habeas appeal. But irrespective of the merits of that appeal, it is not credible for Maus to argue here—as he does in his brief opposing the instant motion—that Judge Curran was without *jurisdiction* to deny his habeas corpus petition and review his application to proceed as a pauper on appeal, for it was Maus who invoked federal habeas corpus jurisdiction in the first place. Maus' position seems to be that federal judges have habeas corpus jurisdiction only when they see things his way. This is of course not the case, and under the doctrine of absolute judicial immunity, Maus has failed to state a claim against Judge Curran upon which relief may be granted, warranting dismissal under Fed.R.Civ.P. 12(b)(6).

■ Maus also brings this action against Judge Curran in his official capacity, which is tantamount to suing the federal government for Judge Curran's alleged misdeeds. This Maus may not do, since the federal government is immune from such liability under the doctrine of sovereign immunity and the Court is without jurisdiction to hear such a claim. The complaint against Judge Curran in his official capacity must therefore be dismissed pursuant to Fed.R.Civ.P. 12(b)(1).

### III.

■ By the Court's ruling on the instant motion, the defendant federal officer who invoked this Court's removal jurisdiction under 28 U.S.C. § 1442 has been eliminated from the case. Given that a § 1983 claim may properly be brought in state court, it is clear that this Court may still exercise jurisdiction over the remainder of the case.[1] It is not required to do so, however. There has been no substantial commitment of judicial resources by this Court since the case was removed here, and by contrast there appears to have been extensive litigation of this matter in state court before removal. In these circumstances, the interests of judicial economy, efficiency, and fairness to the remaining parties counsel against the retention of jurisdiction. *See, e.g., District of Columbia v. Merit Systems Protection Board,* 762 F.2d 129, 133 (D.C.Cir.1985); *Falls Riverway Realty, Inc. v. City of Niagara Falls,* 732 F.2d 38, 42 (2d Cir.1984); *Torres v. CBS News,* 879 F.Supp. 309, 321 (S.D.N.Y.1995).[2] Accordingly, the case is hereby remanded to Wisconsin state court for further proceedings consistent with this decision.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

**The complaint is DISMISSED as to Defendant the Hon. Thomas J. Curran.**

**The remainder of the case is REMANDED to the Wisconsin Circuit Court for Langlade County.**

**SO ORDERED.**

---

1. If this were an action over which the federal courts have exclusive jurisdiction, removal would not be possible, since federal jurisdiction in removal cases is derivative of the state court's original jurisdiction. I.e., where the state court lacks jurisdiction, the federal court cannot acquire it on removal, even though the action might have been commenced in federal court originally. *Bailey v. Marsh,* 655 F.Supp. 1250, 1253 (D.Colo.1987); *De Rewal v. United States,* 572 F.Supp. 1124, 1127 (E.D.Pa.1983). The present case, however, is a § 1983 action over which both state and federal courts have original jurisdiction, hence removal was properly had under § 1442 (federal officer removal).

It is notable that the Court's jurisdiction over the non-federal parties in the present situation is a species of ancillary jurisdiction. The Court's jurisdiction over such parties is ancillary to the removal jurisdiction it exercises under § 1442(a)(3), notwithstanding that the remaining claims are matters of federal law which could have been removed under § 1441(c) (federal question removal).

2. Since "all jurisdiction in removal cases flows from the state court," *Bailey,* 655 F.Supp. at 1254, the fact that this is a § 1983 action is of small consequence to a decision whether to remand. The Court finds the criteria for remand set forth in cases conforming to the more usual § 1442 mold entirely applicable. This includes the cases cited in text, where removing federal defendants were eliminated, leaving only state-law claims against defendants who were not federal officers.